UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MARSHALL,<br><br>   Plaintiff,<br><br>   v.<br><br>ALAMEDA CONTRA COSTA TRANSIT DISTRICT, et al.,<br><br>   Defendants. | Case No. 24-cv-00996-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 8, 9 |

Before the Court are Alameda Contra Costa Transit ("AC Transit"), Amalgamated Transit Union Local 192 ("ATU Local 192"), and Robert Coleman's motions to dismiss. ECF Nos. 8, 9. The Court will grant the motions in part and deny them in part.

I.   **BACKGROUND**

Plaintiff Danny Marshall is an employee of AC Transit, a public entity that operates a bus fleet in Alameda and Contra Costa. ECF No. 1, Ex F ¶ 5. Beginning in 2016, Marshall served as AC Transit's Mentor Coordinator. *Id.* ¶ 18. Although Marshall alleges he was performing the job satisfactorily, he was removed from the position and replaced by a less qualified, less senior, female colleague. *Id.* ¶¶ 18, 19. He also "was demoted in that he had been performing the position of Mentor Coordinator for several years, and was thus denied employment benefits and privileges associated with the permanent position of Mentor Coordinator, with a corresponding loss of pay." *Id.* ¶ 23. Marshall alleges his demotion violated the terms of the collective bargaining agreement ("CBA")[1] between AC Transit and his union, ATU Local 192. *Id.* He then

---

[1] ATU Local 192 and Robert Coleman request the Court take judicial notice of excerpts from the CBA and from the Constitution and General Laws of ATU Local 192. ECF Nos. 9-1, 35. Marshall requests the Court take judicial notice of the District's Last Best and Final Offer to ATU Local 192. ECF No. 19-3; ECF No. 20-3. The Court grants these requests as these documents are

brought this action in Alameda Superior Court against AC Transit, ATU Local 192, and ATU Local 192's President, Robert Coleman for (1) violations of Section 1983; (2) discrimination in violation of California's Fair Housing and Employment Act ("FEHA"); (3) failure to prevent workplace discrimination in violation of FEHA; (4) breach of the duty of fair representation; (5) breach of contract; (6) violation of California's Public Utilities Code Section 2107; and (7) violation of the Urban Mass Transportation Act.  ECF No. 1, Ex. F.  After amending his complaint to include the federal claims, AC Transit removed the action to this Court.  ECF No. 1.  Defendants now move to dismiss all of Marshall's claims.  ECF No. 8; ECF No. 9.

## II.     JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the Court is not "required to accept as true allegations that are merely conclusory,

---

proper subjects of judicial notice.  *See Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901, 904 n.1 (9th Cir. 2013) (taking judicial notice of Union Constitution); *see also Chung v. Cnty. of Santa Clara*, No. 21-cv-07583-WHO, 2022 WL 6768204, at *6 n.2 (N.D. Cal. Oct. 11, 2022) (taking judicial notice of CBA).

1  unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536

2  F.3d 1049, 1055 (9th Cir. 2008) (quotation marks and citation omitted).

## IV. DISCUSSION

### A. Section 1983 Claims Against AC Transit

To state a claim for relief under Section 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Marshall bases his Section 1983 claims on violations of the First, Fourth, Ninth, and Fourteenth Amendments. ECF No. 1, Ex. F. AC Transit contends Marshall has failed to adequately allege a constitutional violation. ECF No. 8 at 11.

#### 1. First Amendment

The U.S. Supreme Court has "made clear that public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). "In order to state a claim against a government employer for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

As AC Transit points out, and Marshall does not dispute, the complaint lacks any factual allegations that Marshall engaged in protected speech. ECF No. 8 at 11. Rather, Marshall claims he was denied the position as Mentor Coordinator due to his rivalry with Coleman, in addition to his age, gender, and race. ECF No. 1 ¶ 22. Without any allegations that Marshall engaged in protected speech—speech relating to "any matter of political, social, or other concern to the community," *Connick v. Myers*, 461 U.S. 138, 146 (1983)—he fails to state a claim for First Amendment retaliation. *See Turner v. City and Cnty. of S.F.*, 788 F.3d 1206, 1211–1212 (9th Cir. 2015).

### 2.  Fourth Amendment

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." This "protects two types of expectations, one involving 'searches,' and the other 'seizures.' A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

The entirety of Marshall's complaint involves allegations that he was improperly demoted from his position as Mentor Coordinator. There are no allegations that he was subject to a search or seizure within the meaning of the Fourth Amendment. *See Torres v. Madrid*, 592 U.S. 306, 311 (2021) (the seizure of a person can take the form of physical force or a show of authority that in some way restrains the liberty of the person); *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) ("A seizure is a meaningful interference with an individual's possessory interests in his property."); *United States v. Harger*, 313 F. Supp. 3d 1082, 1086 (N.D. Cal. 2018) ("A 'search' within the meaning of the Fourth Amendment occurs when police officers either infringe an individual's reasonable expectation of privacy or physically occupy private property for purposes of obtaining information."). Accordingly, Marshall has failed to state a violation of his Fourth Amendment rights.

### 3.  Ninth Amendment

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." This "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Accordingly, Marshall fails to allege a violation of his constitutional rights under the Ninth Amendment.

### 4.  Fourteenth Amendment

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." To bring a federal due process claim, the plaintiff must

4

allege: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).[2] "To have a property interest in a benefit, a person . . . must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "[G]overnment employees can have a protected property interest in their continued employment *if* they have a legitimate claim to tenure or if the terms of the employment make it clear that the employee can be fired only for cause." *Blantz v. Cal. Dept. of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 922 (9th Cir. 2013) (emphasis in original).

Marshall alleges he was removed from his position as Mentor Coordinator and replaced by a less senior, less qualified individual. ECF No. 1 ¶ 19. However, Marshall pleads no facts showing that regulations, state law, or any other independent source created a legitimate claim of entitlement to the position as Mentor Coordinator. *See Blantz*, 727 F.3d at 924 ("There must be some source, recognized under state law, for [plaintiff's] claimed *entitlement* to her position, not merely her unilateral expectation that it would continue." (emphasis in original)). While Marshall claims the CBA was violated in awarding the position to his successor, without allegations detailing the relevant CBA provisions, the Court cannot infer he had a legitimate claim of entitlement to the position. Accordingly, he has failed to allege a violation of his Fourteenth Amendment rights. *See Wedges/Ledges of Cal., Inc. v. City of Phx., Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.").

### 5. *Monell* Liability

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978). Rather, a municipality is liable for a constitutional violation "in three situations: when the plaintiff was injured pursuant to an

---

[2] Although not apparent from the complaint, it appears Marshall brings a procedural due process claim.

5

1  expressly adopted official policy, a long-standing practice or custom, or the decision of a final

2  policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quotation

3  marks and citation omitted).

4  Marshall appears to base his *Monell* liability claim upon the actions of a final policymaker.

5  ECF No. 21 at 19 ("The highest-ranking official of each of the entity Defendants conspired, or at

6  least agreed to remove Plaintiff from the Mentor Coordinator position[.]"). "If the decision to

7  adopt [a] particular course of action is properly made by that government's authorized

8  decisionmakers, it surely represents an act of official government 'policy.'" *Pembaur v. City of*

9  *Cincinnati*, 475 U.S. 469, 481 (1986). Thus, a local government can be liable for an official's

10 conduct when "the official (1) had final policy making authority concerning the action alleged to

11 have caused the particular constitutional or statutory violation at issue and (2) was the policymaker

12 for the local governing body for the purposes of the particular act." *Weiner v. San Diego Cnty.*,

13 210 F.3d 1025, 1028 (9th Cir. 2000) (quotation marks and citation omitted).

14 Marshall does not specify who at AC Transit had ultimate responsibility for the decision to

15 remove him from the Mentor Coordinator position. However, he does allege that the decision was

16 influenced by Coleman, the president of ATU Local 192 and an employee of AC Transit. These

17 allegations do not plausibly allege that Coleman was the final policymaker for purposes of

18 municipal liability. Without allegations specifying who was in charge of the demotion, or what

19 their position and responsibilities were, Marshall has failed to allege a *Monell* claim based on the

20 acts of a final policy maker. *See Ulrich v. City and Cnty of S.F.*, 308 F.3d 968, 986 (9th Cir. 2002)

21 ("An official may be found to have been delegated final policymaking authority where the

22 official's discretionary decision is not constrained by policies not of that official's making and not

23 subject to review by the municipality's authorized policymakers.") (quotation marks and citation

24 omitted).

25 Marshall has failed to state an underlying constitutional violation, as well as a basis for

26 *Monell* liability against AC Transit. Accordingly, his Section 1983 claims are dismissed. His

27 Section 1983 claims based on violations of the First, Fourth, and Fourteenth Amendment are

28 dismissed with leave to amend. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th

6

1    Cir. 2008). His Section 1983 claim based on violations of the Ninth Amendment is dismissed
2    without leave because amendment would be futile. *Id.*

### B.  Duty of Fair Representation Against ATU Local 192 and Robert Coleman

#### 1.  Encompassment of Other Claims

Although Marshall alleges the terms of his employment are governed by a CBA, any claim he has for violation of the terms of that contract is governed by state law, since AC Transit is not subject to the Labor Management Relations Act ("LMRA"). *See* 29 U.S.C. § 152(2) ("employer" for purposes of LMRA does not include political subdivisions of the state). California courts similarly recognize that any labor organization which acts as the exclusive representative of its members has a duty of fair representation. *Jones v. Omnitrans*, 125 Cal. App. 4th 273, 283 (2004).

ATU Local 192, relying on *Taylor v. Amalgamated Transit Union Local 192*, No. RG12657954, 2013 WL 12165541 (Cal. Super. Sept. 5. 2013), argues that Marshall's FEHA and breach of contract claims against it are subsumed by his breach of the duty of fair representation claim. ECF No. 9 at 13–14. In *Taylor*, the court, relying on *Rodriguez v. Southern California District Council of Laborers*, 160 Cal.App.3d 956 (1984), found plaintiff's breach of contract claim against her union was subsumed by her breach of duty of fair representation claim. *Taylor*, 2013 WL 12165541, at *2. But the CBA at issue in *Rodriguez* was subject to the LMRA. *Rodriguez*, 160 Cal. App. 3d at 958. Thus, the issue in *Rodriguez* was whether federal law preempted plaintiff's state breach of contract claim. *Id.* at 960. It does not follow that state causes of action would likewise be "subsumed" by a state duty of fair representation. Moreover, ATU Local 192 fails to cite any authority where a FEHA claim was found to be subsumed by a state duty of fair representation claim. In the absence of compelling authority, the Court declines to dismiss Marshall's breach of contract and FEHA claims against ATU Local 192 on these grounds.

#### 2.  Exhaustion

A union member must generally exhaust intra-union remedies before seeking judicial relief. *Pasillas v. Agric. Labor Relations Bd.*, 156 Cal. App. 3d 312, 357 (1984). "This rule, however, is subject to certain exceptions" such as when a union violates its own rules for review

7

"or when invocation of those rules would be futile." *Mooney v. Bartenders Union Local No. 284*, 48 Cal.2d 841, 844 (1957).

Here, as ATU Local 192 and Coleman argue, Marshall has failed to adequately allege that he exhausted the internal appeals procedures provided under the ATU Constitution. ECF No. 9 at 17–18. Marshall, in opposition, contends that he should be excused from these exhaustion requirements. ECF No. 20 at 7–9. Specifically, he argues that any efforts to press his grievance would have been futile because AC Transit's General Manager and Defendant Coleman were the decision makers, and Marshall was unaware of any appeal procedures. *Id.* Neither argument excuses exhaustion here. First, "[a]n employee's ignorance of the appeals procedure does not generally excuse his failure to exhaust internal union remedies, even if the union failed to inform him of the possibility." *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1214 (9th Cir. 1980). Second, Marshall's bare assertion that internal appeals would have been futile because AC Transit's General Manager and Defendant Coleman were the decision makers is insufficient, especially given the procedures provided for review by different officers. Ex. B, ECF No. 35; *see Jonathan Neil & Assoc., Inc. v. Jones*, 33 Cal. 4th 917, 936 (2004) ("The futility exception requires that the party invoking the exception can positively state that the agency has declared what its ruling will be on a particular case."). Accordingly, Marshall's claims for breach of the duty of fair representation against ATU Local 192 and Coleman are dismissed, without leave to amend.[3]

### C. FEHA Claims Against AC Transit and ATU Local 192

To state a discrimination claim under FEHA, a plaintiff must plausibly allege that "(1) he is a member of a protected class; (2) he is qualified for his position; (3) he experienced an adverse employment action; and (4) other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

---

[3] ATU Local 192 does not argue that Marshall's breach of contract claim is also subject to exhaustion. Accordingly, the Court does not reach the issue.

1    AC Transit and ATU Local 192 do not dispute that Marshall has plausibly alleged the first
2 three elements of a FEHA discrimination claim.  Marshall, a man, is a member of a protected
3 class.  Cal. Gov't Code § 12940(a).  He alleges he held the Mentor Coordinator position since
4 2016 and was performing satisfactorily.  ECF No. 1, Ex. F ¶ 18.  However, he alleges he was
5 denied the permanent position as Mentor Coordinator, an adverse employment action.  *See Lewis*
6 *v. United Parcel Serv., Inc.*, No. 05-cv-02820 WHA, 2005 WL 2596448, at *2 (N.D. Cal. Oct. 13,
7 2005), *aff'd* 252 Fed. Appx. 806 (9th Cir. 2007) ("Under California law, an adverse employment
8 action may be an ultimate employment action such as termination or demotion.")

9    AC Transit and ATU Local 192, however, contend Marshall has failed to plausibly allege
10 that this adverse employment action was due to his gender.  ECF No. 8 at 13.  Defendants argue
11 his allegations "that someone of a different gender was selected for the Mentor Coordinator
12 position, without more," is insufficient to support the plausible inference that the adverse
13 employment action was because of his gender.  ECF No. 9 at 16.  But Marshall does allege
14 something more—specifically, he alleges that a less senior and less qualified female was selected
15 for the role.  This is sufficient at the pleading stage to support a plausible inference of
16 discrimination.  *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1172 (9th Cir. 2007) (evidence that an
17 employer favored a "more junior, less qualified" employee outside of the protected class supported
18 an inference of discrimination); *see also Sypherd v. Lazy Dog Restaurants, LLC*, No. EDCV 20-
19 921 JBG (KKx), 2020 WL 5846481, at *4 (C.D. Cal. July 24, 2020) (allegations that younger,
20 less-qualified applicants were hired over plaintiffs was sufficient to support an inference of
21 discriminatory intent).  Accordingly, the Court declines to dismiss Marshall's FEHA claims.[4]

---

[4] Because Marshall has pleaded sufficient facts to support his claim of gender discrimination, he has also adequately pleaded the requisite foundation of discrimination required for a Section 12940(k) failure to prevent discrimination claim.  *See Achal*, 114 F. Supp. 3d at 804.  Despite ATU Local 192's contention, ECF No. 9 at 16, he does allege facts that it should have known of the discrimination based on the inferior qualifications of the individual who obtained the position. ECF No. 1, Ex F ¶¶ 56, 57; *see Valles v. Victor Valley Wastewater Reclamation Auth.*, No EDCV 15-2297-VAP (SPx), 2016 WL 11742779, at *8 (C.D. Cal. Mar. 25, 2016) ("As Defendant . . . was clearly aware of Plaintiff's demotion and failed, allegedly, to prevent it, the Court finds she has stated a claim under Section 12940(k).").

United States District Court
Northern District of California

### D. Breach of Contract Against AC Transit and ATU Local 192

"Under California law, to state a claim for breach of contract a plaintiff must plead the contract, plaintiffs' performance (or excuse of nonperformance), defendant's breach, and damage to plaintiff therefrom." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (quotation marks and citation omitted).

AC Transit and ATU Local 192 argue Marshall's breach of contract claim fails because he does not identify the contract provision they allegedly breached. ECF No. 8 at 16; ECF No. 9 at 15. The Court agrees. Without identifying the specific contractual provisions alleged to have been breached, Marshall fails to adequately plead breach of contract. *See Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached.").

In addition, AC Transit contends, and Marshall does not dispute, that as a public employee he cannot maintain such a cause of action against it as "it is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law.*" Miller v. State of California*, 18 Cal. 3d 808, 813 (1977). Rather, a "public employee's remedies are limited to those provided by statute or ordinance." *Latchman v. Regents of Univ. of Cal.*, 158 Cal. App. 4th 187, 207 (2007). Accordingly, Marshall's breach of contract claim against AC Transit is dismissed without leave to amend. *See Leadsinger,* 512 F.3d at 532 (court may deny leave to amend when it would be futile). His breach of contract claim against ATU Local 192 is dismissed with leave.

### E. California's Public Utilities Code Against AC Transit

Marshall brings a claim against AC Transit under California's Public Utilities Code Section 2107. Section 2107 states that "[a]ny public utility that violates … any provision of the Constitution of this state or of this part, or that fails or neglects to comply with any part or provision of any order, decision, decree, rule, direction, demand, or requirement of the

10

1  commission … is subject to penalty…" Cal. Pub. Util. Code § 2107.  This provision provides a
2  public remedy "prosecuted in the name of the people of the state by commission counsel or by the
3  Attorney General or the appropriate district attorney." *San Diego Gas & Electric Co. v. Superior*
4  *Ct.*, 13 Cal. 4th 893, 916 (1996) (quoting Cal. Pub. Util. Code § 2101).  It does not provide a
5  private cause of action.  *Id.*  Accordingly, Marshall's claim under California's Public Utilities
6  Code Section 2107 is dismissed without leave to amend.  *See Leadsinger,* 512 F.3d at 532 (court
7  may deny leave to amend when it would be futile).

### F. Urban Mass Transportation Act Against AC Transit

Marshall also brings a claim against AC Transit under 13(c) of the Urban Mass Transportation Act, codified at 49 U.S.C. § 5333(b).  As explained by the Supreme Court, the Act was "designed in part to provide federal aid for local governments in acquiring failing private transit companies so that communities could continue to receive the benefits of mass transportation." *Jackson Transit Auth. v. Loc. Div. 1285, Amalgamated Transit Union, AFL-CIO-CLC*, 457 U.S. 15, 17 (1982).  Congress, however, recognized "that public ownership might threaten collective-bargaining rights of unionized transit workers employed by private companies."  *Id.*  Thus, the Act requires, as a condition of federal assistance, "that the Secretary of Labor certify that 'fair and equitable arrangements' have been made 'to protect the interests of employees affected by [the] assistance'" and "lists several protective steps that must be taken before a local government may receive federal aid" including "the preservation of benefits under existing collective-bargaining agreements and the continuation of collective-bargaining rights." *Id.* at 17–18.  However, the Act does not create a federal cause of action for breaches of such agreements. *Id.* at 29.  Accordingly, Marshall's claim under 49 U.S.C. § 5333(b) is dismissed without leave to amend.  *See Leadsinger,* 512 F.3d at 532 (court may deny leave to amend when it would be futile).

### CONCLUSION

For the foregoing reasons Marshall's first, fourth, fifth, sixth, and seventh claims are dismissed.  His first claim is dismissed with leave to amend, except to the extent it is based on violations of the Ninth Amendment.  His fifth claim is dismissed with leave to amend as to ATU

11

1  Local 192, but without leave as to AC Transit.  His fourth, sixth, and seventh claims are dismissed
2  without leave to amend.  Marshall may file an amended complaint within twenty-eight days of this
3  order solely to cure the deficiencies identified by this order.  Failure to file a timely amended
4  complaint will result in dismissal of the claims with prejudice.

The case management conference scheduled for October 22, 2024 is continued to December 17, 2024 at 2:00 p.m.  An updated joint case management statement is due December 10, 2024.

**IT IS SO ORDERED.**

Dated:  October 21, 2024



JON S. TIGAR
United States District Judge