DAVID A. WOLF, SBN 124460
LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY CA  94710
TELEPHONE: (510) 325-7662
FACSIMILE: (510) 295-2838
E-MAIL: davidwolfwest@icloud.com

Attorneys for Plaintiff
DANNY MARSHALL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MARSHALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA CONTRA COSTA TRANSIT DISTRICT; AMALGAMATED TRANSIT UNION, LOCAL 192; and ROBERT L. COLEMAN,<br><br>Defendants. | Case Number:  **4:24-cv-00996-JST**<br><br>**PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Judge:  Hon. Jon S. Tigar<br>State Court Complaint:  4/14/2023<br>State Court FAC:  5/26/2023<br>State Court SAC:  1/19/2024 (Removed)<br><br>**JURY TRIAL DEMANDED BY PLAINTIFF** |

## I.    PARTIES

Plaintiff Danny Marshall, a resident of Alameda County, brings this Complaint against Defendants Alameda Contra Costa Transit District, a public entity operating a fleet of buses in Alameda and Contra Costa Counties in California; Amalgamated Transit Union, Local 192, AFL-CIO ("ATU"), a labor union in Alameda County, California; and former ATU President and AC Transit employee Robert L. Coleman, a resident of California.[1]

## II.    JURISDICTION

This case was originally filed in Alameda County Superior Court, California, and was

---

[1] In the event of remand, Plaintiff will include the identity of DOE defendants as they become known to Plaintiff.

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662  FACSIMILE: (510) 295-2838

1  removed by Defendants to the U.S. District Court, Northern District, based upon a federal question

2  presented, 42 USC §1983; 28 USC §1331; ADEA 29 U.S.C. §621 to §634.  A timely Government

3  Code Claim had been filed with AC Transit, which claim was rejected; a true and correct copy of

4  said claim and rejection is attached as **Exhibit A**.

5  **III**.    **FACTS COMMON TO ALL CLAIMS**

6         1.     Plaintiff has been an employee of defendant AC Transit in good standing

7  continuously since 1999, as well as a member of its employees' labor union, ATU Local 192, in

8  good standing.

9         2.     Plaintiff is a past elected President of ATU Local 192 and a past Business Agent for

10 that union local, with his terms of office ending before the commencement of this action.

11        3.     Plaintiff was a Bus Operator from 1999 to 2016, when he was promoted to the

12 higher classification of Bus Operator Mentor Coordinator for AC Transit and ATU Local 192,

13 which position he held in good standing from 2016 until his involuntary removal and replacement

14 in 2021 by AC Transit and ATU Local 192.

15        4.     Plaintiff is informed and believes and thereon alleges that his demotion back to Bus

16 Operator by AC Transit was a joint decision of AC Transit's general manager Michael Hurst and

17 ATU Local 192 President Robert Coleman.

18        5.     Within three (3) years prior to commencing his action in state court, AC Transit and

19 ATU Local 192 summarily and without cause removed AC Transit's prestigious Mentor

20 Coordinator job that, by seniority, experience, qualifications and skill, he should have been able to

21 retain.  Plaintiff was demoted back to his lower-classified, lower-paid previous Bus Operator

22 position, while the Mentor Coordinator job at AC Transit was instead transferred to a less senior

23 and less qualified, less experienced and less skilled co-worker, Minette Frost.

24        6.     Ms. Frost was appointed by Robert Coleman and Mr. Hursh to the Mentor

25 Coordinator position in 2021, but she was not available for service due to illness and/or disability.

26 She actually served only briefly, if at all, prior to her untimely death.  Except for the initial few

27 months of her appointment, at which time *Plaintiff* continued to perform the Mentor Coordinator

28 role, but without the formal position or the pay differential, the Mentor Coordinator position

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

1    remained without anyone actually working in that position until 2024 when Bus Operator Kay

2    Avognon was officially promoted into it.[2]

3        7.    Plaintiff is male and has significantly higher ATU Local 192 bargaining unit

4    seniority than anyone serving in the Mentor Coordinator role since 2021.

5        8.    At the time of her appointment to the Mentor Coordinator position, Ms. Frost was

6    on an approved leave of absence, and she remained on that leave of absence for approximately the

7    first five (5) months of her appointment to said Mentor Coordinator job.

8        9.    Although Plaintiff had already been officially removed from the post by Defendant

9    AC Transit at the urging of Defendant ATU Local, he continued to perform the Mentor

10   Coordinator role during the several months of her absence.

11       10.   Plaintiff is a member of several protected classes:  race (African American), gender

12   (male), and age over 40 (he is age 54).  The woman who supplanted Plaintiff in the Mentor

13   Coordinator role is a female person also identifies as African American or as Black.

14       11.   Plaintiff is informed and believes that the woman who was put into the Mentor

15   Coordinator position in his place is significantly younger than he is, approximately 13 years

16   younger.

17       12.   A property right exists in California public employment under which Plaintiff is

18   entitled to due process protections, not provided to him.

19       13.   Public employees who are considered permanent, like Plaintiff, are entitled to due

20   process before they can be terminated, suspended, ***or demoted***.

21       14.   Plaintiff's removal from the Mentor Coordinator resulted in an approximate 35%

22   reduction in annual pay.

23       15.   Unilateral removal from the Bus Operator Mentor Coordinator position without

24   cause, notice, or consent was an "adverse action" within the meaning of California and federal law.

25       16.   For an extended period of time, approximately 2021 to 2024, the Mentor

26   Coordinator position was not formally filled by the Corporate Defendants.

27       17.   At all times relevant to this action, Michael Hursh was AC Transit's General

28

---

[2] See Plaintiff's separately filed Motion for Leave to further amend this complaint.

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

Manager.  Mr. Coleman and Mr. Hursh were the final decision makers concerning appointment of the Corporate Defendants' Mentor Coordinator in 2021, as confirmed by CBA section 31.05. (ECF-35 at pp. 55-56.)

18.    Then ATU Local 192 President Robert Coleman and AC Transit General Manger Michael Hursh jointly made the decision to remove Plaintiff from the Bus Operator Mentor Coordinator position and/or ratified said decision, appointing far less senior Bus Operator Minette Frost into the Mentor Coordinator position.

19.    In 2021, ATU Local 192 Business Agent James Jackson and ATU Local 192 Financial Secretary Josette Moss reported to Plaintiff that they heard ATU Local 192 President Robert Coleman say that he intended to remove Plaintiff from the Mentor Coordinator position in Transportation Division 4.

20.    Plaintiff is not aware of any substantive, legal or contractual reason for removing him from the Mentor Coordinator position in 2021, i.e., to give it to less senior, less skilled and less capable co-worker Minette Frost; however, Plaintiff and ATU Local 192 President Robert Coleman were rivals in the election leading to Mr. Coleman's ascension to the ATU Local 192 presidency.

21.    Plaintiff is informed and believes that Mr. Coleman and Ms. Frost knew each other outside of their work at AC Transit, which Plaintiff believes influenced the decision to remove Mr. Marshall and promote Ms. Frost.

22.    Plaintiff began participation in the grievance procedure through AC Transit as provided for by the CBA on or about September 6, 2021, concerning his removal from the Mentor Coordinator position.  Plaintiff alleged at that time a violation of "Contract Section 3105 [sic]." (Attached as **Exhibit B** is a true and correct copy of Plaintiff's September 6, 2021, grievance correspondence.)  On September 14, 2021, Plaintiff re-submitted his grievance on a signed ATU Local 192 grievance form, as instructed by the Union.  (Attached as **Exhibit C** is a true and correct copy of Plaintiff's September 14, 2021, grievance correspondence.)

23.    Plaintiff is informed and believes that on or about September 20, 2021, a further grievance document or appeal was submitted on behalf of Plaintiff to AC Transit presumably by

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

ATU Local 192, or its Shop Steward, Tommy McGill.

24.    In correspondence dated October 15, 2021, apparently following up on a meeting of October 5, 2021, AC Transit's Human Resources and Labor Relations representatives acknowledged that a CBA provision concerning the 2021 Mentor Coordinator recruitment was not followed.  AC Transit Senior Human Resources Administrator Monique Chappel wrote that "a step of the recruitment process was inadvertently missed" and she offered a two-part remedy to ATU Local 192's Tommy McGill.  (Attached as **Exhibit D** is a true and correct copy of AC Transit Senior Human Resources Administrator Monique Chappel's October 15, 2021, memorandum.)

25.    Plaintiff and ATU Shop Steward Tommy McGill approached ATU Local 192 leadership in about February or March of 2022 concerning the status of Plaintiff's 2021 Mentor Coordinator recruitment grievance.  However, no further action was taken on Plaintiff's behalf, and no final decision was provided to Plaintiff within the meaning of "Section 23 Appeals" contained in ATU's International Constitution and General Laws.

26.    At the time of Plaintiff's removal from the Mentor Coordinator role in 2021, Plaintiff understood the following to be the operative contractual language on the topic of Mentor Coordinator selection / recruitment:

> District's recruitment process. The [Joint Labor Management Committee] JLMC will interview eligible candidates and make a recommendation to the ATU President and AC Transit General Manager or his/her designee on selection of the ATU Mentor Coordinator. The General Manager or his/her designee may accept or reject the recommendation of the JLMC. [T]the final selection of the ATU 192 Mentor Coordinator will be made by the ATU President and AC Transit General Manager or his/her designee.  The ATU 192 Mentor Coordinator shall retain their AC Transit benefits and ATU Local 192 Seniority while acting in the Mentor Coordinator position.

(Attached as **Exhibit E** is a true and correct copy of the above-referenced Tentative Agreement reached in collective bargaining between the Corporate Defendants in about 2019, referenced as 3105, omitting the decimal.)[3]  Plaintiff presented the Tentative Agreement in connection with the presentation of his grievance to representatives of the Corporate Defendants.

---

[3] Tentative agreements are reached during collective bargaining, which in their totality constitute the collective bargaining agreement ("CBA") after employer approval and labor union membership ratification. On information and belief, the CBA that ATU Local 192 proffered in ECF-35, did not exist in that printed, booklet format until after 2021.

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662  FACSIMILE: (510) 295-2838

27.    The July 1, 2019, to June 30, 2025, ATU Local 192 CBA proffered by Defendant ATU Local 192 states at section 31.05 as follows:

> 31.05 The JLMC has established an ATU 192 Mentor Coordinator position that is funded by AC Transit.  This full-time position will be posted and filled through the District 's recruitment process.  Coordinator position must be filled by a District employee, with applications open to members of AC Transit Transportation Division who have ten (10) or more years of experience as a District Bus Operator and meets standards for attendance, according to Section 6 of this agreement as well as District performance standards.  An eligibility list shall be established through the District's recruitment process.  The JLMC will interview eligible candidates and make a recommendation to the ATU President and AC Transit General Manager or his /her designee on selection of the ATU Mentor Coordinator.  The General Manager or his/her designee may accept or reject the recommendation of the JLMC.  ***The final selection of the ATU 192 Mentor Coordinator will be made by the ATU President and AC Transit General Manager or his/her designee.*** The ATU 192 Mentor Coordinator shall retain their AC Transit benefits and ATU Local 192 Seniority while acting in the Mentor Coordinator position.
>
> The ATU 192 Mentor Coordinator shall be paid an hourly rate of 5% more than the hourly rate earned by Line Instructors (which is thirty percent (30%) above the Operator base rate of pay). The duties of the Mentor Coordinator shall be described in a board approved classification specification.

(CBA Section 31.0 Lectures, Coaching/Mentorship Programs; CBA section 31.05 (Mentor Coordinator), contained in ECF-35 at pp. 55 and 56, already on file in this action.)

28.    Plaintiff is informed and believes that CBA section 31.05 is the only contractual reference to the Mentor Coordinator position and that all other relevant provisions of the Corporate Defendants' CBA applied to Plaintiff's employment as Mentor Coordinator in the ATU Local 192 bargaining unit.

29.    Both of the above-referenced contract provisions confirm that Mentor Coordinator selection is a joint decision of the Corporate Defendants' authorized leaders.  Neither document takes the Mentor Coordinator position out of the bargaining unit, nor do the documents take away any due process protections of the CBA and California and federal law.

30.    The Corporate Defendants' CBA contains the following provision "Notice of Dismissal 29.01 Except in cases of suspension or dismissal for cause, not less than five (5) days' notice by letter shall be given by the District of intention of lay off or termination of employment and by the employee of intention to quit.  The District shall pay three (3) days' pay in lieu of notice."  Plaintiff received no such notice, nor any notice of removal, demotion, or layoff.  The CBA provides in relevant part as follows: "SECTION 3.0 DISCIPLINE AND DISCHARGE - No

6

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

employee will be disciplined, discharged, nor will adverse entries be made in his/her personnel record except for just and sufficient cause." Plaintiff was removed and replaced as Mentor Coordinator notice, cause, or consent.

31. At all times relevant to this action, ATU Local 192 and AC Transit had a jointly administered seniority system within the meaning of Title VII of the Civil Rights Act, section 703(h)(42 U.S.C. §2000e-2(h), upon which job classifications, assignments, promotions, layoffs, and other benefits of employment are based under the express terms of the CBA between ATU Local 192 and AC Transit.

32. ATU Local 192 violated the above-referenced seniority system when it removed Plaintiff from the Mentor Coordinator position, jointly with Defendant AC Transit in 2021.

33. The Mentor Coordinator position has been in the ATU Local 192 bargaining unit for many years, previously referred to as Retiree Mentor and Apprentice Mentor. (See, e.g., ATU Local 192 and AC Transit CBA of 2000 on the United States Department of Labor website at the following link:

https://www.dol.gov/sites/dolgov/files/olms/regs/compliance/cba/pdf/cbrp0147.pdf.)

34. Nothing in the arguably operative Mentor Coordinator CBA language states that the position is "at-will" or excluded from the ATU Local 192 bargaining unit; CBA section 31.05 is entirely silent on the issue of one's removal after appointment and, therefore, the general terms of the CBA apply to Plaintiff's removal from the position.

35. The Bus Operator Mentor Coordinator position identified in the ATU Local 192 CBA is not subject to any term limit, and it is not excluded from the bargaining unit; therefore, the general terms of the CBA apply to Plaintiff's removal from the position.

36. The ATU Local 192 CBA contains a "for cause" standard for adverse action, which the Corporate Defendants did not apply as they had no cause to do so. Plaintiff met the qualifications for the MC position, was competent, and was performing well. Without his prior consent or resignation, Plaintiff could only be removed from the Mentor Coordinator position for "cause" a.k.a. "just cause" under the express terms of the CBA between ATU Local 192 and the District.

7

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662  FACSIMILE: (510) 295-2838

37.     The CBA provides in relevant part as follows: "SECTION 3.0 DISCIPLINE AND DISCHARGE No employee will be disciplined, discharged, nor will adverse entries be made in his/her personnel record except for just and sufficient cause."

38.     In the 2021-2022 grievance proceedings no representative of the Corporate Defendants provided any explanation to Plaintiff for his removal and replacement as MC.  Plaintiff was entitled to retain the position as Mentor Coordinator which he was actively performing based on his seniority and qualifications.

39.     Plaintiff is informed and believes that Defendant Robert Coleman interfered in Plaintiff's employment relationship with AC Transit, which included Plaintiff's removal from the Mentor Coordinator position.

40.     ATU Local 192 and AC Transit have acknowledged and admitted to Plaintiff that the relevant provisions of the CBA between these corporate entities *had not been followed* in awarding the Mentor Coordinator position to Ms. Frost.

41.     Plaintiff is informed and believes that Minette Frost was less senior within ATU Local 192, was less experienced, and a less qualified AC Transit employee who was nevertheless given the permanent position of Mentor Coordinator instead of Plaintiff.  In appointing Ms. Frost to the position, Defendants removed and demoted Plaintiff.

42.     Plaintiff also sought to pursue a grievance under the CBA between Defendant AC Transit and Defendant ATU Local 192, but the grievance was not carried forward by Defendant ATU Local 192, even though both Corporate Defendants admitted that the terms of the CBA had not been followed properly in awarding the position to Ms. Frost.  (Attached as **Exhibit D** is a true and correct copy of AC Transit Senior Human Resources Administrator Monique Chappel's October 15, 2021, memorandum confirming that "a step of the recruitment process was inadvertently missed, in which she offered a two-part remedy to ATU Local 192.)

43.     Plaintiff has exhausted his available contractual and administrative remedies, and any further efforts with Defendant ATU Local 192 would have been futile.

44.     Plaintiff filed a timely complaint of discrimination against Defendants with the California Civil Rights Department ("CCRD" or "CRD"), formerly known as the California

Department of Fair Employment and Housing ("DFEH"), and Plaintiff received a notification(s) of his right to sue Defendants in the courts of the State of California. Attached as **Exhibit F** is a true and correct copy of said right to sue notification.

## IV.    STATEMENT OF CLAIMS

### A. Violation of Plaintiff's Civil Rights:  42 USC §1983; 28 USC §1331; 29 USC §621, *et seq.* (ADEA)

1. Protected speech:  Plaintiff suffered adverse employment action due to his engaging in protected speech, by campaigning to unseat the existing ATU Local 192 President, Robert Coleman, in an election held by the union. As a result, Plaintiff was demoted from the Mentor Coordinator job and replaced by a woman of lower seniority and less experience and skill.

2. Denial of Due Process and equal protection (14th Amendment):  Plaintiff was denied due process and equal protection of the laws when after serving in the position of Mentor Coordinator for AC Transit from 2016 to 2021 without incident and having good rapport with all parties, AC Transit summarily demoted him to Bus Operator and put a female person of less seniority and skill into the position, a person who, due to illness, did not even come to work for a long time, wherein Plaintiff performed the position without the additional pay of the Mentor Coordinator position. Plaintiff was removed from the Mentor Coordinator position due to his gender (male), and without due process in violation of the termination and seniority processes specified in the union contract.

### B. Violation of California Government Code §12940 *et seq.* (FEHA)

### 1. Gender Discrimination: California Government Code §12940, subds. (a), (b)

Plaintiff's gender was a substantial motivating factor in AC Transit's agents' and employees' removing him from the position of Mentor Coordinator and instead putting a less senior, medically fragile female co-worker into the position. Ms. Frost was not capable of assuming the position for the next five months, during which time Plaintiff himself performed the duties of Mentor Coordinator. Gender was also a substantial motivating factor in ATU Local 192's interference with Plaintiff's relationship with his employer, and in ATU Local 192's breach of its contract with AC Transit which contains seniority and non-discrimination provisions intended to

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

1  protect employees' rights, including Plaintiff's rights.  ATU Local 192 and AC Transit both

2  acknowledged and admitted that the relevant provisions of the CBA between these corporate

3  entities had not been followed.

4      The actions, and failures to act, by AC Transit and ATU Local 192 in this matter violate

5  FEHA, ADEA, and other laws.  In addition, the failure of ATU Local 192 and AC Transit to

6  prevent discrimination on the basis of gender, along with their active promotion of a less senior,

7  less qualified person for the position, was a substantial factor in Plaintiff's demotion from the

8  Mentor Coordinator position.

9      **2.  Age discrimination:  29 USC §621, *et seq.* (ADEA); Govt. Code §12940, subd. (a) and (b) (FEHA)**

10     Plaintiff's age was a substantial motivating factor in AC Transit's agents' and employees'

11  removing him from the position of Mentor Coordinator and instead putting a less senior, less

12  qualified and experienced and younger coworker with lower seniority into the position.  Ms. Frost

13  was not capable of assuming the position for the next five months, during which time Plaintiff

14  himself performed the duties of Mentor Coordinator.  Plaintiff's age was also a substantial

15  motivating factor in ATU Local 192's interference with Plaintiff's relationship with his employer,

16  and in ATU Local 192's breach of its contract with AC Transit which contains seniority and non-

17  discrimination provisions intended to protect employees' rights, including Plaintiff's rights.  ATU

18  Local 192 and AC Transit both acknowledged and admitted that the relevant provisions of the

19  CBA between these corporate entities had not been followed.

20     The discriminatory actions, and failures to act, by AC Transit and ATU Local 192 in this

21  matter in their active promotion of a younger, less qualified person for the Mentor Coordinator

22  position was a substantial factor in Plaintiff's demotion from the Mentor Coordinator position

23  violate FEHA, as amended, and the ADEA.

24

25     **3.  Failure to take all reasonable steps to prevent workplace discrimination and retaliation (Govt. Code §12940 (k).**

26     Plaintiff's gender and age were substantial motivating factors in AC Transit's

27  agents' and employees' removing him from the position of Mentor Coordinator and instead putting

28

a less qualified, female co-worker into the position. Ms. Frost was not capable of assuming the position for the next five months, during which time Plaintiff himself performed the duties of Mentor Coordinator. Plaintiff's gender and age were also substantial motivating factors in ATU Local 192's interference with Plaintiff's relationship with his employer, and in ATU Local 192's breach of its contract with AC Transit which contains seniority and non-discrimination provisions intended to protect employees' rights, including Plaintiff's rights. ATU Local 192 and AC Transit both acknowledged and admitted that the relevant provisions of the CBA between these corporate entities had not been followed.

Title VII, the ADEA, and California Government Code §12940 (a), (b), and (k) require the employer and its local union to take affirmative action to prevent age and gender discrimination. The failure of ATU Local 192 and AC Transit to take such affirmative action to prevent discrimination on the basis of age and gender, along with their active promotion of a less senior, less qualified person for the position, was a substantial factor in Plaintiff's demotion from the Mentor Coordinator position and violate California Government Code §12940(k).

### C.    Breach of Contract against ATU Local 192.

1.    AC Transit entered into a CBA with ATU Local 192 in 2020 which provided a negotiated understanding concerning promotion of employees based on seniority with AC Transit.

2.    Plaintiff and his class of AC Transit employees were third party beneficiaries of such contract and the persons for whom the contract itself was created.

3.    Plaintiff performed all obligations and duties of AC Transit employees under the CBA, or he was excused from having to do those things due to Defendants' self-dealing behavior and the doctrine of futility.

4.    ATU Local 192 breached this contract by urging and causing AC Transit to remove Plaintiff from the Mentor Coordinator position without proper notice, good cause, just cause, a corresponding consent decree, court order, affirmative action plan, his consent, or by uncoerced resignation. Neither ATU Local 192 nor AC Transit fulfilled the contract's terms as to Plaintiff in that they violated the CBA's bona fide seniority system/scheme and demoted Plaintiff

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

11

without cause.  Plaintiff believes and, on that basis, alleges that the actions of ATU Local 192 in urging AC Transit to remove him from the position constitutes a breach of that union contract by ATU Local 192 and AC Transit which caused damage to Mr. Marshall as an employee for whose benefit that contract was created.

5.    In making the decision to urge AC Transit to oust Plaintiff from the Mentor Coordinator role, Defendant ATU Local 192 ignored Plaintiff's experience, skill, and their own contractual obligations under the CBA, resulting in a denial of due process and equal protection by virtue of the contract breach.

6.    In every contract or agreement there is an implied promise of good faith and fair dealing, which means that Defendants were not to do anything to unfairly interfere with the right of Plaintiff to receive the benefits of the CBA.

7.    Defendants failed to act in good faith, meaning they acted without honesty of purpose and with the intention of misleading Plaintiff and/or taking unfair advantage of Plaintiff.

8.    Plaintiff was the Bus Operator Mentor Coordinator for AC Transit and ATU Local 192 from 2016 until his involuntary removal and replacement in 2021.

9.    Defendants deprived Plaintiff of the benefits of the collective bargaining agreement by removing him without cause, good cause, or just cause from the Mentor Coordinator role and awarding the same to Ms. Minette Frost, which thus prevented Plaintiff from receiving the benefits under the contract.

10.    At all times relevant to this action, Defendants AC Transit and ATU Local 192 have been in a contractual relationship whereby ATU Local 192 is the exclusive collective bargaining agent for certain employees of AC Transit.

11.    The ATU Local 192 bargaining unit is the one in which Plaintiff has worked for more than two decades, both as a Bus Operator, Bus Operator Mentor Coordinator, and ATU Local 192 official.

12.    Plaintiff has rights and benefits tied to the conditions of his employment

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662  FACSIMILE: (510) 295-2838

pursuant to the contractual relationship between ATU Local 192 and AC Transit.  Plaintiff is a third-party beneficiary of the Corporate Defendants' collective bargaining relationship and the collective bargaining agreements that have been in effect over the decades of Plaintiff's employment.

13.    No state agency is currently empowered to enforce collective bargaining rights and obligations under these Corporate Defendants' collective bargaining agreement ("CBA"); thus, resort to this court is necessary and essential.

14.    At all times relevant to this action, Defendant Amalgamated Transit Union, Local 192, AFL-CIO ("ATU Local 192") was a labor organization within the meaning of both state and federal law doing business in Alameda County, including without limitation §501 of the Internal Revenue Code.

15.    Plaintiff is male and has significantly higher ATU Local 192 bargaining unit seniority than anyone serving in the Mentor Coordinator role since 2021 (Minette Frost (now deceased)) and in 2024 (Kay Avognon (41)).[4]

16.    Section 39.0 Seniority of the CBA states as follows on the topic of seniority: "39.01 Contingent upon competency and qualifications where applicable, seniority shall prevail in selections of shifts, runs, days off and vacation.  Reduction in force shall be according to inverse seniority."

17.    In 2021, Plaintiff was in good standing and qualified for the Mentor Coordinator position, which he had already been competently performing since 2016.

18.    Plaintiff reasonably expected to retain the position as AC Transit's Mentor Coordinator on a permanent, indefinite basis, i.e., until normal service retirement or early retirement, as he had been performing well, had a good rapport with co-workers in the ATU

---

[4] See Plaintiff's separately filed Motion for Leave to further amend this complaint.

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

bargaining unit, and he had earned the respect of AC Transit management over his then 20 years of AC Transit employment.

19.    A property right exists in California public employment under which Plaintiff is entitled to due process protections, not provided to him.

20.    Public employees who are considered permanent, like Plaintiff, are entitled to due process before they can be terminated, suspended, ***or demoted***.

21.    Plaintiff's removal from the Mentor Coordinator resulted in an approximate 35% reduction in annual pay.

22.    Although Plaintiff was allowed to interview to keep the position from which he had been removed, which Plaintiff believes was a sham because the decision had already been made to replace him with Minette Frost, this did not satisfy California due process requirements, nor did such satisfy the relevant provisions of the Corporate Defendants' collective bargaining agreement ("CBA").

23.    Plaintiff voluntarily continued to perform the duties of the Mentor Coordinator for several months after his official removal from the position in 2021.

24.    The person Mr. Coleman and Mr. Hursh appointed to the position on behalf of the Corporate Defendants in 2021 was not available for service due to illness and/or disability. That person, Minette Frost, served only briefly, if at all, prior to her untimely death.

25.    Mr. Coleman and Mr. Hursh were the final decision makers concerning appointment of the Corporate Defendants' Mentor Coordinator in 2021, as confirmed by CBA section 31.05.  (ECF-35 at pp. 55-56.)

26.    Robert Coleman and Michael Hursh jointly made the final decision to remove Plaintiff from the Bus Operator Mentor Coordinator position and to replace Plaintiff with far less senior Bus Operator Minette Frost in the Mentor Coordinator position.

27.    In 2021, ATU Local 192 Business Agent James Jackson and ATU Local 192

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

Financial Secretary Josette Moss reported to Plaintiff that they had overheard ATU Local 192 President Robert Coleman say that he intended to remove Plaintiff from the Mentor Coordinator position in Transportation Division 4.

28.     Plaintiff is not aware of any substantive, legal or contractual reason for removing him from the Mentor Coordinator position in 2021, i.e., to give it to a less senior and less qualified or skilled co-worker; however, Plaintiff and ATU Local 192 President Robert Coleman were rivals in the election leading to Mr. Coleman's ascension to the ATU Local 192 presidency, which Plaintiff believes may have been a factor in the Defendants' joint decision to breach the CBA provisions.

29.     Plaintiff also believes that Mr. Coleman and Ms. Frost may have known each other outside of their work at AC Transit, which Plaintiff believes influenced the joint decision to breach the CBA to promote Ms. Frost.

30.     Plaintiff submitted a grievance to ATU Local 192 on or about September 6, 2021, concerning his removal from the Mentor Coordinator position. Plaintiff alleged at that time a violation of "Contract Section 3105 [sic]." (Attached as **Exhibit B** is a true and correct copy of Plaintiff's September 6, 2021, grievance correspondence.)

31.     On September 14, 2021, Plaintiff re-submitted his grievance on a signed ATU Local 192 grievance form, as instructed by the Union. (Attached as **Exhibit C** is a true and correct copy of Plaintiff's September 14, 2021, grievance correspondence.)

32.     On information and belief, on or about September 20, 2021, a further grievance document or appeal was submitted on behalf of Plaintiff to AC Transit presumably by ATU Local 192, or its Shop Steward, Tommy McGill.

33.     On or about October 5, 2021, ATU Local 192 Shop Steward Tommy McGill met with AC Transit representatives about Plaintiff's formal grievance(s) over his removal and replacement as Mentor Coordinator.

34.    In correspondence dated October 15, 2021, apparently following up on a meeting of October 5, 2021, AC Transit's Human Resources and Labor Relations representatives acknowledged that a CBA provision concerning the 2021 Mentor Coordinator recruitment was not followed.

35.    AC Transit Senior Human Resources Administrator Monique Chappel wrote that "a step of the recruitment process was inadvertently missed" and she offered a two-part remedy to ATU Local 192's Tommy McGill.  (Attached as **Exhibit D** is a true and correct copy of AC Transit Senior Human Resources Administrator Monique Chappel's October 15, 2021, memorandum.)

36.    Plaintiff and ATU Shop Steward Tommy McGill approached ATU Local 192 leadership in about February or March of 2022 concerning the status of Plaintiff's 2021 Mentor Coordinator recruitment grievance.

37.    No further action was taken on Plaintiff's behalf, and no final decision was provided to Plaintiff within the meaning of "Section 23 Appeals" contained in ATU's International Constitution and General Laws.

38.    At the time of Plaintiff's removal from the Mentor Coordinator role in 2021, Plaintiff understood the following to be the operative contractual language on the topic of Mentor Coordinator selection / recruitment:

> District's recruitment process. The [Joint Labor Management Committee] JLMC will interview eligible candidates and make a recommendation to the ATU President and AC Transit General Manager or his/her designee on selection of the ATU Mentor Coordinator. The General Manager or his/her designee may accept or reject the recommendation of the JLMC. [T]the final selection of the ATU 192 Mentor Coordinator will be made by the ATU President and AC Transit General Manager or his/her designee.  The ATU 192 Mentor Coordinator shall retain their AC Transit benefits and ATU Local 192 Seniority while acting in the Mentor Coordinator position.

(Attached as **Exhibit E** is a true and correct copy of the above-referenced Tentative Agreement reached in collective bargaining between the Corporate Defendants in about 2019, referenced as

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662    FACSIMILE: (510) 295-2838

3105, omitting the decimal.)[5]  Plaintiff presented the Tentative Agreement in connection with the presentation of his grievance to representatives of the Corporate Defendants.

39.    The July 1, 2019, to June 30, 2025, ATU Local 192 CBA proffered by Defendant ATU Local 192 states at section 31.05 as follows:

> 31.05 The JLMC has established an ATU 192 Mentor Coordinator position that is funded by AC Transit.  This full-time position will be posted and filled through the District 's recruitment process.  Coordinator position must be filled by a District employee, with applications open to members of AC Transit Transportation Division who have ten (10) or more years of experience as a District Bus Operator and meets standards for attendance, according to Section 6 of this agreement as well as District performance standards.  An eligibility list shall be established through the District's recruitment process.  The JLMC will interview eligible candidates and make a recommendation to the ATU President and AC Transit General Manager or his /her designee on selection of the ATU Mentor Coordinator.  The General Manager or his/her designee may accept or reject the recommendation of the JLMC.  ***The final selection of the ATU 192 Mentor Coordinator will be made by the ATU President and AC Transit General Manager or his/her designee.***  The ATU 192 Mentor Coordinator shall retain their AC Transit benefits and ATU Local 192 Seniority while acting in the Mentor Coordinator position.
>
> The ATU 192 Mentor Coordinator shall be paid an hourly rate of 5% more than the hourly rate earned by Line Instructors (which is thirty percent (30%) above the Operator base rate of pay). The duties of the Mentor Coordinator shall be described in a board approved classification specification.

(CBA Section 31.0 Lectures, Coaching/Mentorship Programs; CBA section 31.05 (Mentor Coordinator), contained in ECF-35 at pp. 55 and 56.)

40.    Plaintiff is informed and believes that CBA section 31.05 is the only contractual reference to the Mentor Coordinator position and that all other relevant provisions of the Corporate Defendants' CBA applied to Plaintiff's employment as Mentor Coordinator in the ATU Local 192 bargaining unit.

41.    Both of the above-referenced contract provisions confirm that Mentor Coordinator selection is a joint decision of the Corporate Defendants' authorized leaders.  Neither document takes the Mentor Coordinator position out of the bargaining unit, nor do the documents take away any due process protections of the CBA and California and federal law.

42.    When removed and replaced as Mentor Coordinator in 2021, the Corporate Defendants did not provide Plaintiff with any statement of charges, notice of layoff, notice of

---

[5] Tentative agreements are reached during collective bargaining, which in their totality constitute the collective bargaining agreement ("CBA") after employer approval and labor union membership ratification. On information and belief, the CBA that ATU Local 192 proffered in ECF-35, did not exist in that printed, booklet format until after 2021.

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

removal, notice of demotion, or any statement of cause or reasons.

43.    Plaintiff believes that the Corporate Defendants completely concealed from him their rationale for removing him from the Mentor Coordinator position.

44.    The Corporate Defendants' CBA contains the following provision "Notice of Dismissal 29.01 Except in cases of suspension or dismissal for cause, not less than five (5) days' notice by letter shall be given by the District of intention of lay off or termination of employment and by the employee of intention to quit.  The District shall pay three (3) days' pay in lieu of notice."  Plaintiff received no such notice, nor any notice of demotion or layoff.

45.    The CBA provides in relevant part as follows: "Section 3.0 Discipline and Discharge - No employee will be disciplined, discharged, nor will adverse entries be made in his/her personnel record except for just and sufficient cause."

46.    Plaintiff was removed from the Mentor Coordinator position without notice, cause, or consent.

47.    At all times relevant to this action, ATU Local 192 and AC Transit had a jointly administered seniority system within the meaning of Title VII of the Civil Rights Act, section 703(h)(42 U.S.C. §2000e-2(h), upon which job classifications, assignments, promotions, layoffs, and other benefits of employment are based under the express terms of the CBA between ATU Local 192 and AC Transit.

48.    ATU Local 192 violated the above-referenced seniority system when it removed Plaintiff from the Mentor Coordinator position, jointly with Defendant AC Transit in 2021.

49.    The Mentor Coordinator position has been in the ATU Local 192 bargaining unit for many years, previously referred to as Retiree Mentor and Apprentice Mentor.  (See, e.g., ATU Local 192 and AC Transit CBA of 2000 on the United States Department of Labor website at the following link:

https://www.dol.gov/sites/dolgov/files/olms/regs/compliance/cba/pdf/cbrp0147.pdf.)

50.    Nothing in the arguably operative Mentor Coordinator CBA language states that the position is "at-will" or excluded from the ATU Local 192 bargaining unit; CBA section 31.05 is entirely silent on the issue of one's removal after appointment and, therefore, the general

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

terms of the CBA apply to Plaintiff's removal from the position.

51.      The Bus Operator Mentor Coordinator position identified in the ATU Local 192 CBA is not subject to any term limit, and it is not excluded from the bargaining unit; therefore, the general terms of the CBA apply to Plaintiff's removal from the position.

52.      The ATU Local 192 CBA contains a "for cause" standard for adverse action, which the Corporate Defendants did not apply as they had no cause to do so!  Plaintiff met the qualifications for the Mentor Coordinator position, was competent, and was performing well.

53.      The CBA provides in relevant part as follows:  "SECTION 3.0 DISCIPLINE AND DISCHARGE No employee will be disciplined, discharged, nor will adverse entries be made in his/her personnel record except for just and sufficient cause."

54.      Without his prior consent or resignation, the CBA would only permit Plaintiff to be removed from the Mentor Coordinator position for "cause" a.k.a. "just cause" under the express terms of the CBA between ATU Local 192 and the District.  In the 2021-2022 grievance proceedings no representative of the Corporate Defendants provided any explanation for Plaintiff's removal and replacement.

55.      ATU Local 192 and its agents and employees are responsible for Plaintiff's significant loss of income and prestige due to his removal from the Mentor Coordinator position. The difference in compensation between a Bus Operator and a qualified Bus Operator Mentor Coordinator is 35% annually.

56.      Plaintiff was entitled to retain the position as Mentor Coordinator which he was actively performing based on his contractual seniority, experience and qualifications.

57.      ATU Local 192 and AC Transit have admitted to Plaintiff that the relevant provisions of the CBA between these corporate entities *had not been followed* in awarding the Mentor Coordinator position to Ms. Frost.

58.      Plaintiff is informed and believes that Minette Frost was less senior within ATU Local 192, was less experienced, and a less qualified AC Transit employee who was nevertheless given the permanent position of Mentor Coordinator instead of Plaintiff.  In appointing Ms. Frost to the position, Defendants removed Plaintiff.

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

59.     There is only one Mentor Coordinator position at AC Transit, the nation's largest "bus only" transit system.

60.     Plaintiff also sought to pursue a grievance under the CBA between Defendant AC Transit and Defendant ATU Local 192, but the grievance was not carried forward by Defendant ATU Local 192, even though both Corporate Defendants admitted that the terms of the CBA had not been followed.  (Attached as **Exhibit D** is a true and correct copy of AC Transit Senior Human Resources Administrator Monique Chappel's October 15, 2021, memorandum confirming that "a step of the recruitment process was inadvertently missed, in which she offered a two-part remedy to ATU Local 192.)

61.     Plaintiff has exhausted his contractual and administrative remedies and further efforts with Defendant ATU Local 192 would have been futile.

62.     Plaintiff was harmed by Defendants' breach of the CBA and has suffered emotionally and financially, and Plaintiff has also suffered in intangible ways that will be adduced in discovery and proven at trial.

63.     By reason of the breach of contract by ATU Local 192 acting in concert with AC Transit to demote Plaintiff from the Mentor Coordinator position, Plaintiff has necessarily retained attorneys to prosecute this action.

**D.     FEHA / ADEA Retaliation.**

AC Transit and ATU Local 192 bypassed the contractual process for removing him from the Mentor Coordinator position, instead removing him abruptly without cause, in retaliation for Plaintiff, a past President of ATU Local 192, having run and campaigned against Defendant Coleman in the elections for President of ATU Local 192 in the past.  Defendants bypassed the seniority provisions of the CBA and the "for cause" requirements for adverse action, i.e., demotion from Mentor Coordinator back to Bus Operator.

**V.     DAMAGES AND RELIEF SOUGHT**

As a direct consequence of the acts and omissions above described, the discrimination, retaliation, and violation of his civil rights by AC Transit and ATU Local 192, and of the breach of contract by ATU Local 192 and its agents, Plaintiff has suffered significant damages, loss of

20

income, loss of morale and prestige.  The difference in compensation between a Bus Operator and a qualified Bus Operator Mentor Coordinator is 35% annually.[6]  Plaintiff has been required to seek the assistance of counsel to pursue his claims herein.  Plaintiff seeks the following relief and damages:

1.      From all Defendants:  compensatory damages according to proof, including lost wages, loss of earning capacity, front pay, back pay, benefits, interest, and all other available economic damages.

2.      From all Defendants:  general and special damages for physical and emotional injuries, accompanying pain and suffering, emotional distress, depression, anxiety, stress, and very low morale, medical and psychological and related expenses, which damages will continue to occur in the future.  The total amounts of such damages are presently unknown and Plaintiff is entitled to recover damages in accordance with proof at trial.

3.      For an order that AC Transit and ATU Local 192 reinstate Plaintiff to the Mentor Coordinator position immediately, and that such order be retroactive to the date of his demotion back to Bus Operator in 2021.

4.      For punitive damages against ATU Local 192 and Robert L. Coleman.

5.      For reasonable attorney's fees incurred in the prosecution of Plaintiff's claims, and which will be incurred in the future during the pendency of this case, in an amount not presently ascertained.

6.      For all costs of suit incurred herein, including court costs, expert fees and costs, statutory witness fees, and all other costs permitted by law.  Plaintiff will continue to incur these costs and future expert witness, and other costs required to prosecute this action, in an amount not presently ascertained.

//

//

//

---

[6] As Ms. Frost had far fewer years of AC Transit service, 35% of her pay would have been a considerably smaller amount annually than 35% of Plaintiff's pay.

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

7.      For such other statutory and non-statutory relief as this Court deems just and proper.

**Plaintiff hereby renews his ongoing request for a jury trial.**

Dated:  November 18, 2024                          LAW OFFICE OF DAVID A. WOLF


                                                   By:_____*/s/ David A. Wolf*_____
                                                          David A. Wolf
                                                      Attorneys for Plaintiff

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

1

**Exhibit List**

2  **Exhibit A** – Government Code Claim and Rejection Letter;

3  **Exhibit B** – September 6, 2021, Grievance Document;

4  **Exhibit C** – September 14, 2021, Grievance Form;

5  **Exhibit D** – October 15, 2021, Chappel Memorandum;

6  **Exhibit E** – Tentative Agreement on the Mentor Coordinator Position;

7  **Exhibit F** - California Civil Rights Department Right to Sue Notice.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF DAVID A. WOLF
2600 TENTH STREET, SUITE 415
BERKELEY, CALIFORNIA 94710
TELEPHONE: (510)325-7662   FACSIMILE: (510) 295-2838

PLAINTIFF'S THIRD AMENDED COMPLAINT, PURSUANT TO COURT'S OCTOBER 21, 2024, ORDER – ECF-51
CASE NO.:  4:24-cv-00996-JST

EXHIBIT A



**ALAMEDA-CONTRA COSTA TRANSIT DISTRICT**

# CLAIM FOR DAMAGES

**(Government Code § 910 and following)**

<table>
<tr>
<td>

**INSTRUCTIONS**
- Claims may be barred if not filed within the time limits under the California Government Code.
- Answer all items fully to the best of your knowledge and information.
- Attach separate sheets as necessary to provide full details – SIGN EACH SHEET.
- Fill out in duplicate. ONE COPY TO BE RETAINED BY CLAIMANT.
- Provide self-addressed stamped envelope for return of copy of claim.
- AC Transit cannot give you any legal advice.
- Claims sent by fax or email will not be accepted as valid claims.

**PLEASE FILE CLAIM WITH: AC Transit Office of the District Secretary**
    **1600 Franklin Street**
    **Oakland, CA 94612**

</td>
<td>

**Reserved for Filing Stamp**
File No.

</td>
</tr>
</table>

[✓] **INITIAL CLAIM** [ ] **AMENDED CLAIM**

1. **Claimant's Full Name:** Danny Marshall      **Date of Birth:** _____      **Daytime Phone:** (510) 435-1400

2. **Claimant's Home Address:** _____
    Number     Street       Apt. No.       City       State     Zip Code

3. **Mailing Address if Different:** _____
    Number     Street       Apt. No.       City       State     Zip Code

4. **Claimant's Social Security Number:** _____ **Home Phone:** _____ **Occupation:** Bus Driver

5. **Is Claimant covered by Medicare?** [ ] Yes [ ] No   if Yes, Medicare Number: N/A, this is an employment claim

6. **Is Claimant covered by Medi-Cal?** [ ] Yes [ ] No   If Yes, Medi-Cal Number: N/A, this is an employment claim

7. **Date of Incident:** 07/26/2021   **Day of Week:** Monday   **Time of Incident:** _____ [ ] A.M. [ ] P.M
    Month/Day/Year

8. **Location of Incident:** _____
    Please be as exact as possible and include street name, nearest cross street, or address and city where incident took place.

9. **Bus No:** N/A   **Route No.** N/A   **Direction of Travel:** N/A   **Driver's Badge No.** N/A

10. **Was claimant:** [ ] A passenger in a District vehicle? [ ] A pedestrian? [ ] The driver of another vehicle?
[ ] A passenger in another vehicle? [ ] The owner of the other vehicle or property?   If not, who was: N/A, employment claim

11. **Describe the incident which resulted in this claim being made:**
Mr. Marshall was denied a job that, by seniority, he should have received. It was instead given to a younger, less senior coworker. Adding insult to injury, the less senior coworker was out on disability for the first 5 months of the job and Mr. Marshall had to work in his coworker's stead for the duration.

12. **Describe all injuries/damages caused by this incident:**
Mr. Marshall suffered damages in the form of lost earnings potential due to being wrongfully denied a position with better pay.

13. **List the names and addresses of all doctors, hospitals, and healthcare providers who treated the claimant for injuries described in item number 10:**
N/A, this is an employment claim

**14. Did any previous medical problem affect the same areas of the claimant's body that were injured in this incident?** ☐ Yes ☐ No
**If yes, please explain.**
N/A, this is an employment claim
_____

**15. If the total amount claimed is less than $10,000, enter the amount claimed here:** _____

    **Is the amount claimed more than $25,000?** ☑ Yes ☐ No

**16. How were the claimant's damages determined? (Please include copies of all receipts and/or bills)**
Lost past, present, and future wages based on $10.00/hr pay differential.
_____
_____

**17. If the claimant was the owner of a vehicle involved in this incident, please attach copies of the following:**

    **a) Two (2) detailed estimates for auto repair      b) Current registration and/or proof of ownership      c) Proof of Insurance**

**18. What did the District or its employee do, or fail to do, that caused this damage or injury:**
The District wrongfully denied Mr. Marshal a job he should have received by virtue of his seniority, and the union breached its
duty of fair representation in permitting this to occur.
_____

**19. List the name(s) of the District employee(s) who caused this damage or injury, if known.  If the name and badge number(s) are not known, please provide a detailed physical description.**
Mr. Robert Coleman
Ms. Minette Frost

**20. List the name, address and telephone number of all witnesses to this incident:**
N/A
_____
_____

**21. Please provide any additional information you believe might be helpful to the District in considering this claim:**
N/A
_____

**22. All noticed and communications with regard to this claim will be directed to the Claimant listed in lines 1 and 2 on the other side of this form, unless you complete the following to identify to whom further communications should be directed:**

**Name:** David A. Wolf                                 **Relationship:** Attorney for Mr. Marshall

**Address:** 2600 Tenth Street, Berkeley                  **State:** CA          **Zip** 94710-3105

**Daytime Phone:** (510) 325-7662                     **Home Phone:** _____

Danny Marshal
_____              _____              _____
**Claimant's Printed Name**                    **Claimant's Signature**                      **Date Signed**

**(Note:  If the claim by someone on behalf of the claimant, the person making the claim on behalf of the claimant must sign below.)**

David A. Wolf
_____              _____              _____
Printed Name of Person acting on behalf of the Claimant        Signature of Person acting on behalf of the Claimant        Date Signed

**WARNING:  PRESENTATION FOR ALLOWANCE OR PAYMENT OF A FALSE OR
FRAUDULENT CLAIM, WITH INTENT TO DEFRAUD, IS A CRIME PUNISHABLE
UNDER CALIFORNIA PENAL CODE, SECTION 72.**



**Risk Management Department**

Alameda-Contra Costa Transit District

October 21, 2022

**DAVID A. WOLF**
**2600 TENTH STREET, SUITE 415**
**BERKELEY, CA 94710**

RE:    Our File Number:          21-GL0003 (A4)
       Date of Incident:         Unknown
       Claimant Name:            Danny Marshall
       Date Claim was presented: October 17, 2022

Mr. Wolf:

**NOTICE IS HEREBY GIVEN** that the claim you presented to the Alameda-Contra Costa Transit District on **October 17, 2022,** was rejected on **October 21, 2022**.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date of this notice, whether personally served or deposited in the mail, to file a court action on this claim. See Government Code §945.6

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Jean-Paul R. Popoff
Claims & Liability Manager
Office of the General Counsel
(510) 891-7281

## PROOF OF SERVICE (1013a(3)

I, Guy Smith, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1600 Franklin Street, 6th Floor, Oakland, CA, 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 21, 2022 at my place of business at Oakland, California, the following document(s):

NOTICE OF REJECTION OF CLAIMS ON BEHALF OF: **DANNY MARSHALL.**

Was placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, and addressed to:

### DAVID A. WOLF
### 2600 TENTH STREET, SUITE 415
### BERKELEY, CA 94710

And that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 21, 2022

Guy Smith



AC TRANSIT

Alameda-Contra Costa Transit District
1600 Franklin Street
Oakland, CA 94612

quadient
10/21/2022
US POSTAGE $000.57

ZIP 94612
041M11354061

9471083104 C031

EXHIBIT B

September 6, 2021

DANNY MARSHALL



RE: GRIEVANCE for RECRUITING / VIOLATION SECTION 3105

I interviewed for the Bus Operator Mentor Coordinator position on July 26, 2021. AC Transit Human Resources didn't follow the Contract Section 3105.

**According to the contract "The JLMC will interview eligible candidates and make a recommendation to the ATU President and AC General Manager".**

The interviews were conducted by management it a clear violation and processed should be done over.

Sincerely:

Danny Marshall Badge #32117
Mentor Coordinator Transportation Division 4
Seniority Date 2000

P.S. See Attachment

EXHIBIT C

# GRIEVANCE FORM

AMALGAMATED TRANSIT UNION, LOCAL 192
FREEDOM THROUGH ORGANIZATION

8460 ENTERPRISE WAY, OAKLAND, CA 94621 – 1318
Phone: (510) 635 – 0192 Fax: (510) 635 – 6539
(PLEASE PRINT OR TYPE)

AFL-CIO-CLC

GRIEVANCE
COMMITTEE
USE ONLY
FILE #
Grievance
Not a Grievance

Name: _Denny Morshall_

H. Phone: _510-435-1900_  W. Phone: ____  Badge: _32117_

Seniority Date: _1999_

Address: _1100 Seminary_  City: _oakland_  Zip: _94621_

Classification: _menten courdin_  Dept.: _Transportation_  Div: _4_

Type of Grievance: _Reporting_  Sec./Par./Violated: _3105_

Violation: ____

Remedy Desired: ____

Signature: ____  Date: _9-14-21_

Shop Steward Signature: ____  Date: ____

Received By Grievance Committee: ____  Date: ____

EXHIBIT D



Alameda-Contra Costa Transit District                    Human Resources Department

October 15, 2021

Mr. Tommy McGill, Shop Steward
East Oakland Division

**Re:      Grievance dated 9-20-21:**
          **Mentor Coordinator Recruitment Grievance**

Dear Mr. McGill:

As a result of the meeting with you on *October 5*, 2021, the District has reviewed the
information provided by the Union as well as the applicable contract language.

The District acknowledges that a step in the recruitment process was inadvertently
missed. To remedy the situation, the District will do the following:

1. All candidates that passed the original screening will be forwarded to the
   JLM committee for review.
2. The JLM committee will interview all eligible candidates and forward their
   recommendation(s) to the General Manager (or designee) and the Union
   President for the final selection.

Upon the actions described above being completed, the District will consider this
matter settled.

Please contact me if you have any questions or concerns.

Regards,

*Monique Chappel*

Monique Chappel
Senior Human Resources Administrator


The District does not waive any rights or time limits under the Agreement in these
cases.

Cc:      File

EXHIBIT E

RA3380
3.37 pm

# TENTATIVE AGREEMENT
## AC Transit and ATU, Local 192

Date: August 26, 2019                    Time:  4:47 pm

Representative for the District: _____

Representative for the Union: _Yvonne M. Williams_ . 4:44

## SECTION 31.0
## LECTURES, COACHING/MENTORSHIP PROGRAMS

31.01  Employees covered by this Agreement shall not be required to attend classes of instruction or report on any business required by the District on their own time. Any classes of instruction or lectures shall be attended by employees on a voluntary basis only on their own time. However, an employee may be required to undergo training, retraining and/or consultation.

31.02  When the District introduces equipment to an employee's assigned job function and it is necessary to train on that equipment, the employee will suffer no loss of pay for time spent in training.

31.03  Driver training on the Americans with Disabilities Act (ADA) may include one-on-one interaction with people from the disabled community. Training shall include tie down on all types of buses, sensitivity, and civil rights of disabled people.

31.04  The District and the Union agree to maintain establish a joint Operator Coaching/Mentorship Program which is will be administered by a Joint Labor Management Committee (JLMC) to provide new Operators with continued support, coaching, and mentorship from veteran Operators. The purpose of this program is to develop a professional Operator workforce with excellent safety and customer service skills, to improve Operator retention, and to reduce Operator work-related stress, illness and injury.

31.05  The JLMMLC has established an ATU 192 Mentor Coordinator position that is funded by AC Transit. This full-time position is appointed by the JLMC. If the JLMC is unable to agree on an appointment, the ATU President and AC Transit General Manger shall jointly select the ATU Mentor Coordinator will be posted and filled through the District's recruitment process. The ATU Mentor Coordinator position must be filled by a Districta AC Transit employee, with applications open to members of AC Transit Transportation Division who have ten (10) or more years of experience as an Operatorsa District Bus Operator and meet standards for attendance, according to Section 6 of this agreement as well as District performance standards. An eligibility list shall be established through the

1

District's recruitment process. The JLMC will interview eligible candidates and make a recommendation to the ATU President and AC Transit General Manager or his/her designee on selection of the ATU Mentor Coordinator. The General Manager or his/her designee may accept or reject the recommendation of the JLMC. ~~and T~~the final selection of the ATU 192 Mentor Coordinator will be made by the ATU President and AC Transit General Manager or his/her designee. The ATU 192 Mentor Coordinator shall retain their AC Transit benefits and ATU Local 192 Seniority while acting in the Mentor Coordinator position.

~~The Mentor Coordinator position will have many functions and responsibilities, including but not limited to:~~

- ~~Staff the JLMC meetings; help set the agenda for all meetings~~
- ~~With the JLMC representatives, develop goals and time lines for the Program; work with the JLMC representatives and District officials to keep them on task toward meeting Program time lines and goals~~
- ~~Take the lead in developing a training curriculum for mentors and lead mentors~~
- ~~Assist in the selection of mentors and in assuring assignment of mentors to mentees (ride-along)~~
- ~~Write progress reports on mentors and mentees~~
- ~~Provide written and oral reports to stakeholders on a monthly basis~~
- ~~Seek innovative ways to adjust, improve, sustain the JOCMP, including exploring grants and other funding possibilities~~
- ~~Work closely with all agencies and organizations responsible for apprentice and training related matters~~
- ~~Shall serve as a member of the Joint Apprentice and Training Committee (JATC) for the Coach Operator Apprenticeship Program (See: Section 31.05)~~
- ~~Communicate with other ATU Locals/Transportation Districts which have established mentor programs in place and serve as a resource/ambassador to ATU Local/Transportation Districts which seek to establish such Operator/Mentor programs.~~

The ATU 192 Mentor Coordinator shall be paid an hourly rate of 5% more than the hourly rate earned by Line Instructors (which is thirty-percent (30%) above the Operator base rate of pay). The duties of the Mentor Coordinator shall be described in a board approved classification specification.

31.05  The Department of Labor approved a Coach Operator Apprenticeship Program, No. 53-3021.00. AC Transit and ATU Local 192 shall appoint their representative members of the Joint Apprenticeship and Training Committee (JATC) within thirty (30) days of ratification of this Agreement. The JATC shall have its first meeting within ninety (90) days of the ratification of this Agreement and shall continue to meet a least once a month to implement the Coach Operator Apprenticeship Program.

EXHIBIT F

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

### Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 14, 2023

David Wolf
2600 Tenth Street, Suite 415
Berkeley, CA 94710

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202303-19862404
Right to Sue: Marshall / AC Transit et al.

Dear David Wolf:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 14, 2023

RE:    **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202303-19862404
Right to Sue: Marshall / AC Transit et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

### Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 14, 2023

Danny Marshall

█████████████
██████████████████

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202303-19862404
        Right to Sue: Marshall / AC Transit et al.

Dear Danny Marshall:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 14, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated
on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
CRD Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Danny Marshall                                    CRD No. 202303-19862404

                         Complainant,

vs.

AC Transit
1600 Franklin Street
Oakland, CA 94612

Robert Coleman



Minette Frost

Amalgamated Transit Union, Local 192, AFL-CIO
8460 Enterprise Way
Oakland, CA 94621

                         Respondents

---

**1.** Respondent **AC Transit** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Robert Coleman** individual as Co-Respondent(s).
Complainant is naming **Minette Frost** individual as Co-Respondent(s).
Complainant is naming **Amalgamated Transit Union, Local 192, AFL-CIO** business as Co-Respondent(s).

**3.** Complainant **Danny Marshall**, resides in the City of **San Leandro,** State of **CA.**

**4.** Complainant alleges that on or about **July 26, 2021**, respondent took the following adverse actions:

-1-
*Complaint – CRD No. 202303-19862404*

Date Filed: March 14, 2023

CRD-ENF 80 RS (Revised 12/22)

**Complainant was discriminated against** because of complainant's color, age (40 and over), other and as a result of the discrimination was denied hire or promotion, demoted, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was denied hire or promotion, demoted, other, denied work opportunities or assignments.

**Additional Complaint Details:** Mr. Marshall is an employee of AC Transit in good standing and a member of Amalgamated Transit Union, Local 192, AFL-CIO, in good standing. Within the last three (3) years, Mr. Marshall was removed from and denied AC Transit's prestigious Training Coordinator job that, by seniority, he should have been able to retain. The Training Coordinator job at AC Transit was instead given to a less senior co-worker who was at the time of her appointment to the position on an approved leave of absence. The less senior co-worker who was awarded Mr. Marshall's position as Training Coordinator was herself on a leave of absence for the first five (5) months of her appointment to said  Training Coordinator job. Mr. Marshall graciously continued to work in the Training Coordinator role in his newly appointed co-worker's stead for the duration of the balance of her leave. Mr. Marshall did so even though Mr. Marshall had already been officially removed from the post by AC Transit with the condonation of ATU Local 192. AC Transit thus wrongfully denied Mr. Marshall the right to remain in the Training Coordinator job -- AC Transit and ATU Local 192 ignored his experience, skill, and seniority, not to mention the fact that he was the incumbent employee in said Training Coordinator role. Respondent AC Transit and Mr. Marshall's Union, Amalgamated Transit Union, Local 192, AFL-CIO, both discriminated against him and otherwise failed to prevent discrimination by permitting this change in the Training Coordinator assignment to occur improperly and/or by condoning the improper assignment. The assignment of the coveted role to AC Transit co-worker Ms. Minette Frost was not based on her experience, skill, or seniority. Mr. Marshall believes that his removal from the coveted Training Coordinator role was based on his race, his age, and his gender as well as self-dealing, favoritism, and interference with his rights as an employee of AC Transit. Mr. Marshall believes that Mr. Coleman (and to some extent Ms. Frost) interfered in the relationship between Mr. Marshall and AC Transit. Mr. Marshall believes that his removal from the Training Coordinator role was also based on violation of his rights as a member of ATU Local 192, in good standing.

Mr. Marshall further believes he was denied this promotion on account of his race, age, and gender, and in retaliation for prior his candidacy in opposition to the then recent election of Mr. Robert L. Coleman as President of ATU Local 192. The less-senior co-worker who replaced Mr. Marshall in the Mentor Coordinator role, Ms. Minette Frost, is presumed to be a known associate of Mr. Robert Coleman and a supporter of Mr. Coleman in Mr. Coleman's most recent election to the position of President of ATU Local 192. Notably, Mr. Marshall ran against Mr. Coleman in said recent election. Mr. Marshall ran against and defeated Mr. Coleman in a similar ATU Local 192 election about nine (9) years ago. For clarity, Mr.

Date Filed: March 14, 2023

CRD-ENF 80 RS (Revised 12/22)

Marshall lost the most recent election against Mr. Coleman; thereafter AC Transit and ATU Local 192 officially removed Mr. Marshall (or allowed his removal) from the Training Coordinator role, which he had held in good standing before and after the appointment of Ms. Frost, i.e., also during Ms. Frost's leave of absence.

But for the failure of ATU Local 192 and AC Transit to prevent discrimination, Mr. Marshall would have retained the coveted Training Coordinator role. ATU Local 192 and AC Transit both admitted to Mr. Marshall that the relevant provisions of the collective bargaining agreement ("CBA") between these corporate entities had not been followed in awarding the position to Ms. Frost. ATU Local 192 and AC Transit did not adhere to the CBA's bona fide seniority system / scheme. Mr. Marshall believes and on that basis alleges that AC Transit's and ATU Local 192's actions in this matter violate FEHA, as amended, and other laws. Mr. Marshall, therefore, seeks all available remedies at law and in equity for Respondents' illegal, discriminatory, and self-dealing conduct.

Date Filed: March 14, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **David A. Wolf**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On March 14, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Berkeley, California**

-4-

*Complaint – CRD No. 202303-19862404*

Date Filed: March 14, 2023

CRD-ENF 80 RS (Revised 12/22)