UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MARSHALL,<br><br>    Plaintiff,<br><br>v.<br><br>ALAMEDA CONTRA COSTA TRANSIT DISTRICT, et al.,<br><br>    Defendants. | Case No. 24-cv-00996-JST<br><br>**ORDER GRANTING IN PART MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT**<br><br>Re: ECF Nos. 52, 61 |

Before the Court is Defendant Amalgamated Transit Union, Local 192's ("ATU Local 192") motion for partial reconsideration, ECF No. 52, and Plaintiff Danny Marshall's motion for leave to further amend the complaint, ECF No. 61. The Court will grant both motions in part.

## I.  BACKGROUND

Plaintiff Danny Marshall is an employee of Defendant Alameda Contra Costa Transit District ("AC Transit"), a public entity that operates a bus fleet in Alameda and Contra Costa. ECF No. 1, Ex. F ¶ 5. He alleges that although he was performing his job as AC Transit's Mentor Coordinator satisfactorily, he was removed from the position and replaced by a less qualified, less senior, female colleague. *Id.* ¶¶ 18, 19. Marshall alleges his demotion violated the terms of the collective bargaining agreement ("CBA") between AC Transit and his union, ATU Local 192. *Id.* He then brought this action in Alameda Superior Court against AC Transit, ATU Local 192, and ATU Local 192's President, Robert Coleman for (1) violations of Section 1983; (2) discrimination in violation of California's Fair Housing and Employment Act ("FEHA"); (3) failure to prevent workplace discrimination in violation of FEHA; (4) breach of the duty of fair representation; (5) breach of contract; (6) violation of California's Public Utilities Code Section 2107; and (7) violation of the Urban Mass Transportation Act. ECF No. 1, Ex. F.

1.      **Procedural History**

Marshall first filed this action in Alameda Superior Court on April 14, 2023. ECF No. 1, Ex. A. On May 26, 2023, Marshall filed a first amended complaint ("FAC"), alleging that he was improperly removed from AC Transit's Mentor Coordinator position in 2021. *See id.*, Ex. B. In advance of Defendants' responsive pleading deadline in Alameda Superior Court, Defendants met and conferred with Marshall "regarding their anticipated demurrers seeking dismissal of Plaintiff's FAC in its entirety." *Id.*, Ex. E ¶ 4. As a result of this meet and confer, the parties stipulated to allow Marshall to amend his FAC, and Marshall dropped "the age discrimination theories asserted in his FAC and did not plead any claims based on alleged age discrimination in his" second amended complaint ("SAC"). ECF No. 64 at 4;[1] *compare* ECF No. 1, Ex. B *with* ECF No. 1, Ex. F. Defendants removed the action to this Court based on the federal law claims in the SAC, ECF No. 1. Defendants moved to dismiss all of Marshall's claims. ECF No. 8; ECF No. 9.

On October 21, 2024, the Court granted in part and denied in part ATU Local 192's motion to dismiss Marshall's complaint, including dismissing Marshall's breach of the duty of fair representation claim without leave to amend and dismissing Marshall's breach of contract claim with leave to amend. ECF No. 51 at 7–8, 10. On November 12, ATU Local 192 moved for leave to ask the Court to reconsider its granting of Marshall leave to amend his breach of contract claim in light of dispositive legal arguments that ATU Local 192 presented to the Court in its briefing. *See* ECF No. 52 at 3–6. On November 18, Marshall filed his third amended complaint as directed by the Court. *See* ECF No. 53. On November 20, the Court granted ATU Local 192's motion for leave to file a motion for reconsideration under Civil Local Rule 7-9(b) and construed ATU Local 192's filing at ECF No. 52 as that motion. ECF No. 54.

After briefing for the motion for reconsideration concluded, Marshall moved for leave to further amend his complaint and file a fourth amended complaint. *See* ECF No. 61. AC Transit filed a statement of non-opposition regarding the motion for leave to further amend the complaint. ECF No. 63. ATU Local 192 opposed the motion on grounds discussed below. *See* ECF No. 64.

---

[1] Marshall has not disputed that he withdrew the age discrimination claims as a result of the meet-and-confer with the Defendants. *See generally* ECF No. 65.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III. LEGAL STANDARDS

### A. Motion for Reconsideration

A district court has discretion to revise any interlocutory order that is entered before the entry of judgment adjudicating all claims in the action. Fed. R. Civ. P. 54(b). In this District, motions for reconsideration are governed by Civil Local Rule 7-9, which requires a party to make a motion for leave to file a motion for reconsideration. *See* Civil L.R. 7-9(a). The party moving for leave to file a motion for reconsideration must show reasonable diligence in bringing the motion and one of the following grounds: (1) a "material difference in fact or law from that which was presented to the Court before" entry of the interlocutory order, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the "emergence of new material facts or a change in law occurring after the time of such order"; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" the entry of the interlocutory order. *See* Civil L.R. 7-9(b)(1)–(b)(3).

The determination of whether to grant a motion for reconsideration is within the district court's discretion. *See In re Agric. Rsch. & Tech. Grp., Inc.*, 916 F.2d 528, 533 (9th Cir. 1990). "[M]ere disagreement with a court's order does not provide a basis for reconsideration." *Maynard v. United Servs. Auto. Ass'n Fed. Sav. Bank*, No. 21-CV-04519-JSW, 2022 WL 4126272, at *4 (N.D. Cal. Sept. 9, 2022).

### B. Motion for Leave to Amend Complaint

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon,*

3

*Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Generally, a court should determine whether to grant leave "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.    DISCUSSION

### A.    Motion for Reconsideration

In its motion-to-dismiss briefing, ATU Local 192 cited *Taylor v. Amalgamated Transit Union Local 192*, No. RG12657954, 2013 WL 12165541 (Cal. Super. Sept. 5. 2013), to argue that Marshall's breach of contract claim against it was subsumed by his breach of the duty of fair representation claim.  ECF No. 9 at 13–14.  In *Taylor*, the court found that the plaintiff's breach of contract claim against her union was subsumed by her breach of duty of fair representation claim. *Taylor*, 2013 WL 12165541, at *2.  In its previous order, this Court reasoned that *Taylor* relied on *Rodriguez v. Southern California District Council of Laborers*, 160 Cal.App.3d 956 (1984), and that while *Rodriguez* found that federal law preempted the plaintiff's state breach of contract claim, it did not follow that state causes of action would likewise be subsumed by a *state* duty of fair representation.  ECF No. 51 at 7 (citing *Rodriguez*, 160 Cal. App. 3d at 958).  The Court thus declined to dismiss Marshall's breach of contract claim against ATU Local 192 on this ground absent more compelling authority. *Id.*

ATU Local 192 argues that "in concluding that Plaintiff's breach of contract claim against the Union was not encompassed by his [duty of fair representation] claim . . . the Court manifestly failed to consider dispositive legal arguments that the Union presented to the Court in its briefing," including those based on *Giffin v. United Transp. Union*, 190 Cal. App. 3d 1359 (1987)), *Hussey v. Operating Engineers Local Union No. 3*, 35 Cal. App. 4th 1213 (1995), and *Lerma v. D'Arrigo Brothers Co.*, 77 Cal. App. 3d 836 (1978).  ECF No. 52 at 3.  Marshall argues that the

4

1    cases cited by ATU Local 192 are inapplicable because they are not "factually identical to the
2    present situation." ECF No. 57 at 5. The Court agrees with ATU Local 192 and finds that the
3    cited cases—and *Giffin* in particular, which the *Taylor* court also cited—suggest that Marshall's
4    breach of contract claim here is subsumed by his duty of fair representation claim arising under
5    state law.

6    In *Giffin*, the plaintiff was a bus operator who faced termination for allegedly failing to
7    report an accident. 190 Cal. App. 3d at 1361. After his public transit union refused to take his
8    grievance to arbitration pursuant to the collective bargaining agreement, the plaintiff brought a
9    breach of contract claim against the union. *Id.* at 1362. As is true here, the public transit union
10   there was exempt from the National Labor Relations Act and the National Labor Management
11   Relations Act because it represented employees of a state political subdivision. *Id.* at 1363. The
12   plaintiff's claims thus arose from state—not federal—labor law. *Id.* at 1363–64. In deciding the
13   applicable statute of limitations, the California Court of Appeal then held that although the
14   plaintiff's claim was labeled as one for breach of contract, the plaintiff's claim was in "substance
15   or gravamen" a claim for breach of the union's duty of fair representation. *Id.* at 1363. The Court
16   explained that the allegations "obviously attempt[ed] to state a cause of action against the union
17   for breaching its duty to appellant to represent him in good faith during grievance proceedings
18   pursuant to a collective bargaining agreement[,] . . . a specific and well-defined liability
19   under . . . state law, not an ordinary contract liability." *Id*. The Court thus affirmed dismissal of
20   the plaintiff's claim for failure to comply with the shorter statute of limitations applicable to
21   claims for breach of the duty of fair representation. *Id.* at 1366–67.

22   Like in *Giffin*, Marshall's breach of contract claim essentially alleges that ATU Local 192
23   breached its duty to represent him in good faith during the proceedings surrounding his demotion
24   from and bid to recover his position as Mentor Coordinator pursuant to their CBA. *See* ECF No.
25   1, Ex. F ¶¶ 79–80 ("Defendants deprived Plaintiff of the benefits of the collective bargaining
26   agreement by removing him without cause, good cause, or just cause from the Mentor Coordinator
27   role and awarding the same to Ms. Minette Frost, which thus prevented Plaintiff from receiving
28   the benefits under the contract. That by doing so, Defendants did not act fairly, and they did not

1    act in good faith as to Plaintiff."). That cause of action encapsulates a "specific and well-defined

2    liability" arising from a union's duties under state law—"not an ordinary contract liability."

3    *Giffin*, 190 Cal. App. 3d at 1366. Accordingly, Marshall does not state a breach of contract claim

4    independent of his claim for breach of the duty of fair representation. The Court thus grants ATU

5    Local 192's motion for reconsideration to dismiss Marshall's breach of contract claim on this

6    ground, but the Court dismisses with leave to amend.

### B.    Motion for Leave to Further Amend Complaint

Marshall seeks to add new allegations regarding "discriminatory and retaliatory conduct [that] occurred after the Complaint was filed," namely that he was "denied the Mentor Coordinator position again on or about July 29, 2024, in favor of a significantly younger female co-worker with much less ATU Local 192 seniority than [he] possesses." *See* ECF No. 61 at 5. Similarly, Marshall seeks to add as two new defendants—AC Transit General Manager Michael Hursh and ATU Local 192 President Latrina Meredith—the individuals who allegedly made the final decision to deny the Mentor Coordinator position to Marshall in 2024. *See id.* at 6. Marshall's proposed amended complaint would bring new claims under 42 U.S.C. § 1983 and the Age Discrimination in Employment Act ("ADEA") against ATU Local 192. *See* ECF No. 65-1 at 14–16.

ATU Local 192 opposes Marshall's proposed amendments to the extent that they (1) seek to assert a new claim under 42 U.S.C. §1983 against Defendant Coleman and new claims under 42 U.S.C. §1983 and the ADEA against ATU Local 192 based on the 2021 events and (2) seek to add as a defendant current ATU Local 192 President LaTrina Meredith. ECF No. 64 at 2. ATU Local 192 otherwise does not oppose Marshall's request for leave to amend "based on new factual allegations regarding events in 2024." *See id.* at 2 n.2.

The Court finds that the Rule 15 factors weigh in favor of denying Marshall's requests to amend along the grounds identified by ATU Local 192. First, there has been undue delay in bringing new claims based on the same 2021 events that have been at issue since the first complaint was filed in April 2023 and in the two subsequent amended complaints leading up to this motion for leave. *See* ECF No. 1, Exs. A, B, F. Second, amendment on these grounds would

be prejudicial to ATU Local 192 because Marshall concedes that he previously abandoned his age discrimination claim after meeting and conferring with the defendants in preparing its SAC. *See* ECF No. 64 at 4. Allowing Marshall to revive those claims now—when Marshall points to no new facts or developments to justify doing so—would defeat the purpose of encouraging parties to narrow their claims outside of motion practice. *See* ECF No. 61 at 5 (acknowledging that Marshall was able to amend his prior complaints "*without motion practice* in a voluntary meet-and-confer process") (emphasis in original). Indeed, it is unclear from Marshall's reply brief whether he even contests that his proposed amendments should not include new claims based on the 2021 events. *See* ECF No. 65 at 3 ("[I]t is respectfully requested that Plaintiff be permitted to further amend his Complaint to add new claims for discrimination based on age and gender, and for CCRD retaliation, *occurring between March 7, 2024, and July 29, 2024*, when Plaintiff was summarily and deliberately taken out of the recruitment process.") (emphasis added).

Second, the Court agrees with ATU Local 192 that adding Latrina Meredith as a defendant would be futile. "It has long been recognized that union officers and employees are not individually liable to third parties for acts performed as representatives of the union in the collective bargaining process." *Peterson v. Kennedy*, 771 F.2d 1244, 1256 (9th Cir. 1985). Marshall did not provide any response to this argument in his reply brief. The Court thus takes Marshall's silence as a concession, and the Court will deny Marshall leave to amend to add Latrina Meredith as a defendant.

As for the remainder of Marshall's requests to amend—which are unopposed—the Court grants them consistent with this order. The Court finds no bad faith, undue delay, prejudice, or futility associated with those proposed amendments. Accordingly, Marshall may add Michael Hursh as a party, assuming Marshall can allege facts that support his claims against Hursh; he may include new claims and allegations regarding his denial of the Mentor Coordinator position in 2024; and he may cure the deficiencies identified in the Court's previous order, ECF No. 51, and in this order.

## CONCLUSION

For the foregoing reasons, the Court thus dismisses Marshall's breach of contract claim on

the basis above, in addition to the general failure to state a claim as explained in the Court's previous order.  *See* ECF No. 51 at 10.  The Court, however, dismisses Marshall's breach of contract claim with leave to amend.  The Court also grants Marshall leave to amend his complaint to add Michael Hursh as a defendant and to include claims surrounding the alleged post-complaint conduct, but denies leave to amend to include new claims involving the 2021 events.  Within 21 days from this order, Marshall may file an amended complaint consistent with this order.

The case management conference scheduled for April 8, 2025 is continued to June 3, 2025 at 2:00 p.m.  An updated joint case management statement is due May 27, 2025.

**IT IS SO ORDERED.**

Dated:  April 7, 2025



JON S. TIGAR
United States District Judge