UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MARSHALL, | Case No. 24-cv-00996-JST |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| ALAMEDA CONTRA COSTA TRANSIT DISTRICT, et al., | Re: ECF Nos. 78, 79 |
| Defendants. | |

Now before the Court are motions to dismiss and motions to strike the Fourth Amended Complaint filed by the Defendants. ECF Nos. 78, 79. The Court will grant both motions.

## I. BACKGROUND

### A. Factual Background

The factual background to this dispute is set out in more detail in the Court's October 21, 2024 order partially dismissing the second amended complaint and the Court's April 7, 2025 order granting in part the motion for reconsideration and motion for leave to file a further amended complaint. ECF Nos. 51, 70. In short, Plaintiff Danny Marshall alleges that his former employer, Alameda Contra Costa Transit District ("District"), and union, Amalgamated Transit Union, Local 192 ("ATU Local 192"), demoted him in favor of a less qualified and less senior female colleague, in part as retaliation for campaigning for the role of the head of the union, Robert Coleman (who is also a Defendant). In his Fourth Amended Complaint ("4AC") Marshall includes a new Defendant, Michael Hursh, who was the former general manager of AC Transit. ECF No. 71. Marshall also includes additional allegations of age and race discrimination in the 2021 mentor coordinator selection process.

### B.    Procedural Background

Marshall first filed this action in Alameda Superior Court on April 14, 2023.  ECF No. 1, Ex. A.  On May 26, 2023, Marshall filed a first amended complaint ("FAC"), alleging that he was improperly removed from AC Transit's Mentor Coordinator position in 2021.  *See id.*, Ex. B.  In advance of Defendants' responsive pleading deadline in Alameda Superior Court, Defendants met and conferred with Marshall.  *Id.*, Ex. E ¶ 4.  Following the conferral, the parties stipulated to allow Marshall to amend his FAC, and Marshall dropped "the age discrimination theories asserted in his FAC and did not plead any claims based on alleged age discrimination" in his second amended complaint ("SAC").  ECF No. 64 at 4.  Defendants removed the action to this Court based on the federal law claims in the SAC, ECF No. 1.  Defendants moved to dismiss all of Marshall's claims.  ECF No. 8; ECF No. 9.  On October 21, 2024, the Court granted in part and denied in part ATU Local 192's motion to dismiss Marshall's complaint, including dismissing Marshall's breach of the duty of fair representation claim without leave to amend and dismissing Marshall's breach of contract claim with leave to amend.  ECF No. 51 at 7–8, 10.  On November 12, ATU Local 192 moved for leave to ask the Court to reconsider its granting of Marshall leave to amend his breach of contract claim in light of dispositive legal arguments that ATU Local 192 presented to the Court in its briefing.  See ECF No. 52 at 3–6.  On November 18, Marshall filed his third amended complaint as directed by the Court.  See ECF No. 53.  On November 20, the Court granted ATU Local 192's motion for leave to file a motion for reconsideration under Civil Local Rule 7-9(b) and construed ATU Local 192's filing at ECF No. 52 as that motion.  ECF No. 54.

On April 7, 2025, the Court granted ATU Local 192's motion for reconsideration and partially granted Marshall's motion for leave to further amend the complaint.  ECF No. 70.   The Court agreed that Marshall's breach of contract claim was entirely subsumed by the duty of fair representation claim and dismissed the claim with leave to amend.  *Id*. at 5–6.  The Court permitted Marshall to add new allegations about discriminatory and retaliatory conduct that occurred after the complaint was filed when he was denied the mentor coordinator position in July 29, 2024 and to assert claims against AC Transit's General Manager Michael Hursh.  *Id*. at 7.  The

2

Court denied Marshall leave to add the current ATU Local 192 president as a Defendant, finding that amendment would be moot. *Id*. at 7. The Court also reminded Marshall that he may not bring new claims based on conduct that occurred in 2021. *Id*. at 6.

Marshall filed a new complaint on April 28, 2025. Defendants moved to dismiss the complaint on June 18, 2025. Marshall opposed both motions on October 22, 2025. Defendants filed their replies on November 26, 2025.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation marks and citation omitted). When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

Pursuant to Rule 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010).

Motions to strike are "generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Rosales v. Citibank, Federal Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## IV. DISCUSSION

### A. Claims Against AC Transit

To state a claim for relief under Section 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Marshall charges AC Transit with Section 1983 violations for interfering with his rights under the First and Fourteenth Amendments. 4AC at 12–14. AC Transit argues that Marshall has once again failed to adequately allege a constitutional violation. ECF No. 8 at 11.

#### 1. First Amendment

Marshall pleads that he was demoted in violation of the First Amendment as retaliation for a speech he made in a campaign against ATU Local 192 President Robert Coleman. In charging the First Amendment violation, he claims that he "suffered adverse employment action due to his engaging in protected speech, by campaigning to unseat the former ATU Local 192 President, Robert Coleman, in an election held by the union" and that policy decisions about employment "are presumably at the General Manager level with ratification by the AC Transit governing board." 4AC at 12. He then alleges that Hursh, in his role as AC Transit "control group leader" collectively decided or affirmed the decision to remove Marshall from his role.

"A First Amendment retaliation claim against a government employer involves a

4

sequential five-step series of questions:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech."

*Desrochers v. City of San Bernardino*, 572 F.3d 703, 708–09 (9th Cir. 2009) (quoting *Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir.2009)).  AC Transit argues that Marshall has failed to allege that his speeches touched on a matter of public concern or that the speeches were a substantial or motivating factor in the adverse employment decision taken by Hursh or AC Transit.  ECF No. 78 at 17.  In opposition, Marshall alleges that the protected speech he is referencing  included his speaking out about his removal from the mentor coordinator position and requests to pursue a grievance regarding his removal from the coordinator position.  ECF No. 89 at 9.  These allegations, however, are absent from the complaint, which references only his speeches concerning the union.  4AC at 12–13.  Thus, the Court cannot consider them.  *578539 B.C., Ltd. v. Kortz*, No. CV1404375MMMMANX, 2015 WL 12670488, at *14 (C.D. Cal. Apr. 10, 2015) ("In any event, the court cannot consider facts argued in Kortz's opposition but not alleged in the complaint in deciding Maico's motion to dismiss.").  Moreover, even if these statements had been included in the complaint, "speech that deals with individual personnel disputes and grievances and that would be of no relevance to the public's evaluation of the performance of governmental agencies is generally not of public concern." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (citation modified).  Therefore, Marshall's statements following his removal would not support a First Amendment claim.

Marshall also fails to plead a violation of the First Amendment because he does not identify a protected statement that AC Transit was alleged to have known or considered in removing him from his mentor coordinator role.  Even considering the statements about the union speeches, Marshall makes no firm allegation that AC Transit or Hursh was aware of or made the decision to remove him from his role due to his speech.  Marshall only offers instead that any

United States District Court
Northern District of California

decision about employee speech or protected activity were "presumably" made by the general manager and ratified by the board. *Id.* In short, Marshall has not alleged any public statements made by him that were a substantial or motivating factor in AC Transit or Hursh's decisions to remove him, and so fails to plead a First Amendment claim.

### 2. Fourteenth Amendment

Marshall also fails to plead a violation of the Fourteenth Amendment as he is unable to identify a property interest he was legitimately entitled to. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Marshall claims that he was denied due process under the Fourteenth Amendment when AC Transit demoted him and replaced him with a woman with less seniority and skill due to his gender and in retaliation for his campaigning against Coleman in union elections. 4AC at 13. However, Marshall fails to allege an agreement, regulation, state law, or other source granting him a property interest in the Mentor Coordinator position. *See Blantz v. California Dept. of Corr. and Rehab*, 727 F.3d 917, 924 (9th Cir. 2013) ("There must be some source, recognized under state law, for [plaintiff's] claimed entitlement to her position, not merely her unilateral expectation that it would continue." (emphasis in original)). As he has in prior pleadings, Marshall again claims that the Collective Bargaining Agreement ("CBA") was violated when his position was reassigned, but identifies no CBA provision that would support such a claim. 4AC at 13–14. The portions of the CBA Marshall quotes deal with termination, discipline and the selection process for the Mentor Coordinator job, but none guarantees that an employee could hold the position indefinitely or otherwise suggests that someone losing the position is entitled to process that Marshall did not receive. *Id.* Accordingly, he has failed to allege a violation of his Fourteenth Amendment rights. See *Wedges/Ledges of Cal., Inc. v. City of Phx., Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."). The Court therefore dismisses this claim.

### B.      Claims Against Michael Hursh

AC Transit moves to dismiss all claims against Defendant Michael Hursh, the former general manager for AC Transit.  AC Transit argues that "[w]hile the 4AC identifies Hursh as a defendant, it does not allege any claims or causes of action against Hursh," because the headings for each of Marshal's causes of action name only other defendants and because he is not alleged to have personally participated in the decisions affecting Marshall.  ECF No. 78 at 14.  AC Transit also argues that that Hursh is entitled to qualified immunity for any claim that the complaint could be construed to allege against him.  *Id.* at 15.  Marshall responds that he has adequately alleged in his complaint that Hursh was liable under Section 1983 for violations of the First and Fourteenth Amendments.  His only response on the topic of qualified immunity is a header that states "The Existence of Any Qualified Immunity Goes to the Issues of Individual Liability and Damages, Not to Michael Hursh's Role as Defendant AC Transit's Highest Ranking Decision Maker" without further argument.  ECF No. 89 at 6–7.

The Court agrees that Marshall has failed to allege any cause of action against Hursh.  The Section 1983 causes of action are made against only government entity defendants.  The complaint defines "entity defendants as AC Transit and ATU Local 192."  4AC at 1.   To comply with Rule 8, a plaintiff must link each defendant to specific instances of unlawful conduct.  *Witherbee v. Dan Dow*, 222CV2027MWFMAR, 2022 WL 2964382, at *2 (C.D. Cal. June 15, 2022) (citing *Est. of Bock ex rel. Bock v. Cnty. of Sutter*, No. 2:11-CV-00536-MCE, 2012 WL 423704, at *6 (E.D. Cal. Feb. 8, 2012)).  "Where a plaintiff sues multiple defendants and fails to specify which conduct is attributable to which defendant, it is subject to dismissal for failure to comply with Rule 8." *Sherrell v. Bank of Am., N.A.*, No. CV 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).  The Court therefore dismisses Michael Hursh as a defendant without reaching the question of qualified immunity.

### C.      Claims Against ATU Local 192

ATU Local 192 argues that Marshall's amended breach of contract claim merely advances the same claim that the Court previously dismissed because it was subsumed under the duty of fair representation claim.  ECF No. 79 at 12 (citing ECF No. 70 at 5).  ATU Local 192 reiterates that

United States District Court
Northern District of California

United States District Court
Northern District of California

the only agreement that was allegedly breached was the CBA, which cannot support a standalone breach of contact claim. In his opposition, Marshall restates the same arguments the Court has already rejected in granting ATU Local 192's motion for reconsideration. ECF No. 88 at 5 ("Plaintiff briefed this issue in some detail in his response to Local 192's request for reconsideration (ECF-57), which Plaintiff brings to the Court's attention again when ruling on Defendant ATU Local 192's and Mr. Coleman's currently pending motion."). Once again, Marshall does not allege that any other contract other than the collective bargaining agreement was at issue. *Id*. at 6–7.

The Court agrees with ATU Local 192. Marshall's breach of contract allegations refer exclusively to the collective bargaining agreement. *See* 4AC at 18 ("In every contract or agreement there is an implied promise of good faith and fair dealing, which means that Defendant ATU Local 192 was not to do anything to unfairly interfere with the right of Plaintiff to receive the benefits of the contract-negotiated on this behalf."). And, as the Court has already found, *Giffin v. United Transp. Union*, 190 Cal. App. 3d 1359 (1987) stands for the proposition that breach of contract claims against a union based on the violation of a collective bargaining agreement are treated as duty of fair representation claims under California law. ECF No. 70 at 5–6 (citing *Giffin*, 190 Cal. App. 3d at 1362). Therefore, the Court will dismiss Marshall's breach of contract claim.

### D.      Claims Against Robert Coleman

As with Defendant Michael Hursh, Marshall fails to specify any causes of actions against Defendant Robert Coleman, the former president of ATU Local 192. In the SAC, the only cause of action that Marshall alleged against Coleman was the "breach of contract" claim—which the Court found was subsumed under the duty of fair representation claim. The 4AC does not even make this allegation against Coleman. Marshall's only opposition is that dismissal of Coleman would be premature before the close of pleadings. ECF No. 88 at 9.

As the Court found with Defendant Hursh, Marshall's failure to specify which causes of action Coleman is liable renders the complaint insufficient against Coleman. Further, as the Court found in denying Marshall's motion for leave to add current union present LaTrina Meredith,

8

"union officers and employees are not individually liable to third parties for acts performed as representatives of the union in the collective bargaining process." ECF No. 70 at 6 (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1256 (9th Cir. 1985)).

### E.    Motions to Strike

Defendants AC Transit and ATU Local 192 move to strike allegations in the 4AC that reference age discrimination claims about the 2021 mentor coordinator recruiting position. Defendants argue that these allegations violate the Court's previous order that denied Marshall leave to include additional claims concerning the 2021 recruitment process. ECF No. 70 at 6–7. In opposition to AC Transit's motion to strike, Marshall does not address the Court's prior order, arguing only Marshall "labored to set forth the facts common to all of his claims in a single section of his 4AC, and … there are no immaterial, impertinent, or scandalous matters in the 4AC." ECF No. 89 at 5. In opposition to ATU Local 192's request, Marshall contends that he did remove the age discrimination claims based on the 2021 recruitment process and that ATU Local 192's motion was unnecessary. ECF No 88 at 4. He claims that facts about the 2021 process are set out as factual predicates of the age and retaliation claims about the 2024 mentor coordinator position. ECF No. 88 at 8.

The Court's order on the motion for reconsideration prohibited Marshall from reviving discrimination and retaliation claims from the 2021 mentor coordinator process. While this did not prohibit all claims arising from the 2021 mentor coordinator process, it does apply to all age discrimination and retaliation allegations relating the 2021 process. In contravention of that order, the complaint plainly includes allegations of age discrimination based on the 2021 process. *See* 4AC at 15:

> Plaintiff's age was a substantial motivating factor in AC Transit's agents' and employees' removing him from the position of Mentor Coordinator and instead putting a less senior female coworker, [Ms. Frost] into the position. Ms. Frost was not capable of assuming the position for the next five months, during which time Plaintiff himself performed the duties of Mentor Coordinator. Plaintiff's age was also a substantial motivating factor in ATU Local 192's interference with Plaintiff's relationship with his employer, and in ATU Local 192's breach of its contract with AC Transit which contains seniority and non-discrimination provisions. . . .

9

United States District Court
Northern District of California

The complaint also references gender discrimination claims based on the 2021 process. *See* 4AC at 16:

> Plaintiff's gender and age as well as retaliation for his campaigning against Robert Coleman were substantial motivating factors in ATU Local 192's and AC Transit's agents' and employees' removing him from the position of Mentor Coordinator and instead putting a less qualified, female co-worker [Ms. Frost] into the position. Ms. Frost was not capable of assuming the position for the next five months, during which time Plaintiff himself performed the duties of Mentor Coordinator.

Both of these claims reference Ms. Frost, the person who replaced Marshall in the mentor coordinator role in 2021. This is clearly within the scope of the Court's prohibition against pleading claims related to the 2021 mentor coordinator process Marshall previously abandoned following discussion with the Defendants. The Court will grant Defendants' motions to strike.

## CONCLUSION

The Court dismisses the Section 1983 and breach of contract claims against all Defendants and dismisses Defendants Coleman and Hursh. Given Plaintiff's numerous opportunities to amend, the Court concludes that amendment would be futile and dismissal on these claims and Defendants is with prejudice. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). As the Court held in its previous order, Marshall may pursue the FEHA discrimination, retaliation, and failure to prevent discrimination claims against AC Transit and ATU Local 192, and duty of fair representation claim against ATU Local 192. ECF No. 51 at 7–9. Marshall may also proceed with his new Age Discrimination in Employment Act (ADEA) retaliation claim against both Defendants. ECF No. 71 at 12. Marshall may only proceed on age discrimination claims based on the 2024 mentor coordinator recruiting process.

Dated: March 11, 2026



_____
JON S. TIGAR
United States District Judge